SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD W. BRUNETTE, Cal. Bar No. 81621
SCOTT HENNIGH, Cal. Bar No. 184413
MEREDITH JONES-McKEOWN, Cal. Bar No. 233301
333 South Hope Street, 43rd Floor
Los Angeles, California  90071
Telephone:    213-620-1780
Facsimile:    213-620-1398
Email:      rbrunette@sheppardmullin.com
            shennigh@sheppardmullin.com
            mjones-mckeown@sheppardmullin.com

Attorneys for Creditor
PICERNE CONSTRUCTION CORP. dba
CAMELBACK CONSTRUCTION

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| In re: | Case No. 2: 09-bk-29222-ER |
|---|---|
| CAMPBELL CORNERS LIMITED PARTNERSHIP I, a Michigan Limited Partnership, | Chapter 11 |
| | **NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004; DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF** |
| Debtor. | |
| | **No Hearing Required** |

## TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES

## BANKRUPTCY JUDGE, AND TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Picerne Construction Corporation ("Picerne"),

a creditor and party in interest in the above-captioned case, respectfully requests an Order

-1-

1   pursuant to Federal Rule of Bankruptcy Procedure 2004 directing the production of

2   documents by, and examination of, Debtor Campbell Corners Limited Partnership I.

3          PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy

4   Rule 2004-1(f), if you object to the proposed examination and document production, you

5   must file and serve a motion for a protective order at least eleven (11) days before the date

6   set for the proposed examination and document production, and set it for hearing not less

7   than two (2) court days before the scheduled examination, unless an order shortening time

8   is granted by the Court.

9          PLEASE TAKE FURTHER NOTICE that this Motion is based upon this

10  Notice of Motion and Motion, the Declaration of Meredith Jones-McKeown, the record in

11  this case, and any documentary or oral evidence that may be introduced at or prior to any

12  hearing on this Motion.

13         PLEASE TAKE FURTHER NOTICE that the document production will

14  take place on October 23, 2009, at 9:00 a.m. at the offices of Sheppard, Mullin, Richter &

15  Hampton LLP, 333 South Hope Street, 48th Floor, Los Angeles, CA  90071-1448.

16         PLEASE TAKE FURTHER NOTICE that Debtor's examination will take

17  place on November 4, 2009, at 10:00 a.m. at the offices of Sheppard, Mullin, Richter &

18  Hampton LLP, 333 South Hope Street, 48th Floor, Los Angeles, CA  90071.

19

20  Dated:  September 29, 2009

21                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

22

23              By          _/s/ Richard W. Brunette_

24                                          RICHARD W. BRUNETTE

25                                          Attorneys for Creditor
                                            PICERNE CONSTRUCTION CORP. dba
26                                          CAMELBACK CONSTRUCTION

27

28

-2-

1          **MOTION FOR EXAMINATION**

2          Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure,

3    Picerne Construction Inc. ("Picerne"), a party in interest as the largest unsecured creditor

4    of Debtor Campbell Corners Limited Partnership I ("Campbell Corners" or "Debtor"), by

5    and through its undersigned attorneys, respectfully moves this Court for the issuance of an

6    Order authorizing Picerne to conduct a Bankruptcy Rule 2004 examination of Debtor and

7    for production of documents by Debtor as listed in Exhibit A to this Application, a copy of

8    which is attached hereto and incorporated herein by this reference.

9          Beginning on September 11, 2009, Meredith Jones-McKeown, counsel for

10   Picerne, made extensive and repeated efforts to meet and confer with Debtor's counsel

11   (including Ron Bender, Krikor Meshefejian, Todd Arnold, and Beth Young) regarding the

12   requested examination and request for production of documents as required by Local Rule

13   2004-1(a).  Jones-McKeown Decl., ¶¶ 8-12.  After several weeks of negotiation, and

14   although Debtor's counsel had initially agreed with Picerne on the requested dates, Debtor

15   withdrew its consent and refused to produce the documents or submit to an examination

16   before mid-November (60 days after Picerne began meeting and conferring with Debtor

17   about the examination and long after the due date for Debtor's reorganization plan).  *See id.*

18   It is critical that Picerne be able to examine Debtor prior to the filing of Debtor's

19   reorganization plan.

20         **BACKGROUND**

21         In support of this Application, Picerne represents as follows:

22         On July 24, 2009, Debtor filed a voluntary petition in the above-entitled

23   Court for relief under chapter 11 of Title 11 of the United States Code.

24         Debtor is a Michigan limited partnership.  Debtor and its affiliated entities

25   have engaged in numerous suspicious insider transfers which appear to be designed to hide

26   Debtor's assets from its rightful creditors.

27         The recent § 341 Creditor's Meetings held in this action and in the

28   bankruptcy action filed by Debtor's subsidiary, Castellino Villas, LLC, raised more

-3-

questions than they answered.  Specifically, principal Mr. Kopple and Chief Financial

Officer Kathleen Kuhn offered the following testimony:

- Within three years prior to declaring bankruptcy, Debtor transferred its largest asset, a 320-unit apartment complex in Elk Grove, California valued at approximately $40 million, to a separate, insider entity (9130 Nolan Street, LLC) without paying any transfer tax.  Debtor could not answer questions regarding whether any consideration was paid by 9130 Nolan Street, LLC in exchange for the $40 million property.

- Debtor issued two notes to insider E L II Properties Trust in the amounts of approximately $4.9 million and "up to" an additional $2 million.  Debtor later secured these notes by a deed of trust on its real property, and testified at the § 341 examination that it had received cash in exchange for the notes.  However, Debtor was unable to identify where, when, or how the cash received in exchange for the notes had been spent by Debtor, or why that cash was not reflected on Debtor's schedules.

- Debtor's schedules reflect a $3,504,953 loan advanced to Debtor's subsidiary, Castellino Villas, LLC.  Debtor testified that this loan was for "cash advanced during 2008 and 2009," but was not documented or secured.  Debtor could not explain why the loan was not documented or secured.

- Between the time the bankruptcy was filed (July 24, 2009) and September 8, 2009, according to sworn declarations submitted to this Court by Debtor, Debtor's ownership was significantly restructured.  Insider and managing partner Siena Villas, LLC's ownership interest in Debtor was reduced from 99% to 57.05%, while insider and minority partner E L II Properties Trust's ownership interest was increased from 1% to 42.93%, though Debtor did not seek leave from or inform this Court of the change.

- Additionally, between the time the bankruptcy was filed and September 8, 2009, the ownership of Debtor's managing partner Siena Villas, LLC was apparently transferred.  Previously, Robert Kopple personally owned 99% of the entity, but as

-4-

1      of September 8, 2009, Mr. Kopple apparently had transferred his entire 99%

2      ownership interest to insider E L II Properties Trust, Inc., without seeking leave

3      from or informing this Court of the change.

4     ▪ Within the 90 days prior to filing its petition, Debtor's subsidiary, Castellino Villas,

5      LLC made payments to insider KF Properties, Inc. totaling $185,000 that its

6      principals were unable to identify.

7     ▪ Schedules filed by Debtor's subsidiary, Castellino Villas, LLC, stated that Debtor

8      had declared income and assets on Debtor's tax return that were actually income and

9      assets belonging to Castellino Villas, LLC, suggesting that Debtor may have paid

10      taxes on its subsidiary's behalf.

11      Picerne intends to investigate and determine the extent of financial

12 inaccuracies in the Debtor's books, of its insider transfers, and of the possible fraudulent

13 concealment of Debtor's assets. Picerne seeks the examination of Debtor through its

14 manager, Robert Kopple (the manager of Debtor's managing partner). Pursuant to Rule

15 2004-1(b), Picerne is informed that Debtor's business address is 10866 Wilshire Blvd,

16 Suite 1500, Los Angeles, California, and that Mr. Kopple maintains the same business

17 address.

18                            **<u>DISCUSSION</u>**

19      Federal Rule of Bankruptcy Procedure 2004 provides that "any party in

20 interest" may obtain an order of examination of "any entity" with respect to "any matter

21 which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a) and

22 (b). The scope of an examination under Bankruptcy Rule 2004 is "unfettered and broad,"

23 and an examination pursuant to this rule may extend to third parties who have had dealings

24 with the debtor. *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993).

25      Picerne believes it is critical to examine Debtor regarding Debtor's financial

26 problems and the extent of the apparent insider transfers and concealment at issue here.

27 Specifically, Picerne seeks the examination of Debtor through the manager of Debtor's

28 managing partner (Robert Kopple), whose testimony at the Creditor's Meeting held in this

         NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

1  matter indicated that he was the most knowledgeable employee of Debtor regarding these

2  insider transfers and accounting inaccuracies.  Picerne seeks information from Debtor

3  covered by Rule 2004, including the status of the Debtor, its books and records, and

4  circumstances evidencing insider transfers and possible fraud.  Picerne's request is

5  particularly urgent since Debtor recently indicated at a hearing in this matter that it

6  intended to file its reorganization plan "as soon as possible" and no later than 30 days after

7  September 21, 2009.  Picerne needs to examine Debtor and its books and records as soon

8  as possible in order to evaluate and respond to Debtor's reorganization plan.  Accordingly,

9  Picerne hereby respectfully requests that this Court direct Debtor, through the manager of

10  its managing partner, Mr. Kopple, to appear for examination at a designated law office in

11  Los Angeles, California, to produce all documents specified in Exhibit A hereto to

12  Picerne's counsel.

13          Local Bankruptcy Rule 2004-1(b) requires that the Motion state why the

14  examination cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy

15  Procedure.  The examination sought cannot proceed under Federal Rules of Bankruptcy

16  Procedure 7030 or 9014 because Picerne is not a party to an adversary proceeding or

17  contested matter that is currently pending in the Bankruptcy Court under which the

18  proposed examination and document production can properly be taken, and thus a Rule

19  2004 exam is the only means for Picerne to obtain the production of documents and

20  appearance by Debtor to answer questions under oath.

21          WHEREFORE, Picerne respectfully requests that the Court enter an order:

22  1.      Compelling Debtor to produce the documents described in Exhibit A

23          attached hereto at Sheppard, Mullin, Richter & Hampton, 333 South Hope

24          Street, 43rd Floor, Los Angeles, California 90071, on October 23, 2009, at

25          9:00 a.m., together with a declaration authenticating all documents so

26          produced; and

27

28

W02-WEST:5MAJ1\401695794.6

NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

1    2.     Compelling Debtor to appear for examination on <u>November 4, 2009 at 10:00</u>

2            <u>a.m.</u> at Sheppard, Mullin, Richter & Hampton, 333 South Hope Street, 43rd

3            Floor, Los Angeles, California 90071.  The examination shall be continued

4            from day to day, excluding weekends and holidays, if not completed on that

5            date; and

6

7    3.     For such other and further relief as is appropriate.

8

9  Dated:  September 29, 2009

10                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12                By              */s/ Richard W. Brunette*

13                        RICHARD W. BRUNETTE

14                       Attorneys for Creditor

15                PICERNE CONSTRUCTION CORP. dba
                       CAMELBACK CONSTRUCTION

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:5MAJ1\401695794.6          NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

## DECLARATION OF MEREDITH JONES-McKEOWN

I, Meredith A. Jones-McKeown declare as follows:

1.    I am an attorney duly admitted to practice before this Court. I am an associate with SHEPPARD MULLIN RICHTER & HAMPTON LLP, attorneys of record for Picerne Construction Corporation ("Picerne").

2.    If called as a witness, I could and would competently testify to all facts herein within my personal knowledge except where stated upon information and belief.

3.    This declaration is submitted in support of the Notice of Motion and Motion for Examination of Debtor pursuant to Bankruptcy Rule 2004.

4.    Movant Picerne is a creditor of Debtor by reason of, of among other things, Debtor's failure and refusal to pay Picerne for construction work completed on a 328-unit apartment complex called "Siena Villas" located in Elk Grove, California and previously or currently owned by Debtor.

5.    I have reviewed the hearing transcript from the recent Creditor's Meeting held in this matter and in the bankruptcy of Debtor's wholly owned subsidiary, Castellino Villas, LLC. At those meetings, Debtor made several troubling representations regarding insider transfers and accounting discrepancies as set forth in this Motion.

6.    Picerne seeks information from Debtor covered by Rule 2004, including the status of the Debtor, its books and records, and circumstances evidencing insider transfers and possible fraud.

7.    Picerne requests an order for the production of documents related to Debtor's insider transfers, accounting discrepancies, and possible fraud by October 23, 2009. The subject matter of Picerne's document request is set forth in full at Exhibit A to this Motion for Examination.

8.    In accordance with Local Bankruptcy Rule 2004-1(b), Picerne is informed and believes that Debtor and its manager, Robert Kopple, both maintain a place of business at 10866 Wilshire Blvd, Suite 1500, Los Angeles, California.

-8-

W02-WEST:5MAJ1\401695794.6

NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

1    9.    In accordance with Local Bankruptcy Rule 2004-1(b), I attempted to

2 meet and confer with Debtor's counsel to arrange a mutually convenient schedule for the

3 production of documents and examination of Debtor.  I first contacted Debtor's counsel on

4 September 11, 2009, when I sent an email to Ron Bender, Krikor Meshefejian, and Todd

5 Arnold seeking consensus on the date of the production and examination.

6    10.    On September 16, 2009, at counsel's request, I provided a draft of this

7 Motion and the proposed document request.  I repeatedly requested counsel's input on the

8 proposed dates over the next few days.

9    11.    On September 23, 2009, I met and conferred telephonically with Beth

10 Young, counsel of record for Debtor, regarding both the scope of the request and the

11 proposed dates for the production and examination.  I expressed to Ms. Young the urgency

12 of obtaining the documents and conducting the examination given Debtor's recent

13 representation in open court that it planned to file its reorganization plan as soon as

14 possible, and no later than 30 days after September 21, 2009.  During our conversation,

15 Ms. Young represented that she had gone through the document request on an item by item

16 basis with Debtor, and that Debtor had represented that it would provide all responsive

17 documents to Ms. Young on or before October 23, 2009.  Ms. Young suggested she could

18 provide the documents to Picerne on or before October 30, 2009.  Ms. Young also

19 represented that it would be possible to schedule the examination on November 3 or 4,

20 2009.  Ms. Young made several requests that Picerne clarify or reduce the scope of its

21 document requests, which Picerne subsequently did.  In turn, I requested that Debtor

22 produce the documents to Picerne no later than October 23, 2009 given the urgent need for

23 them in light of Debtor's stated intention to quickly file a reorganization plan.

24    12.    On September 29, 2009, I received an email from Ms. Young

25 repudiating Debtor's earlier agreement to produce the documents in October and schedule

26 the examination on mutually convenient days.  Ms. Young represented that Debtor would

27 not make any accommodation to Picerne's request and would not produce the documents

28 or appear for examination prior to mid-November 2009 – more than 60 days after we

NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

1 | initially contacted Debtor to meet and confer about the instant requests (and approximately

2 | three times longer than the 21-day notice period required for Rule 2004 examinations

3 | under the local rules).  At this point, it became clear that Debtor was not meeting and

4 | conferring with Picerne about the dates of the production and examination in good faith.

5 |          I declare under penalty of perjury under the laws of the United States of

6 | America that the foregoing is true and correct.

7 |          Executed September 29, 2009, at San Francisco, California.

8 |

9 |          _____

10 |          Meredith A. Jones-McKeown

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-10-

NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

## EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

a)    "ALL" means both "any" and "all."

b)    "DEBTOR," "YOU," or "YOUR" means Campbell Corners Limited Partnership I, the debtor in the above-referenced Chapter 11 case, together with any and all affiliated entities.

c)    "DOCUMENT" or "DOCUMENTS" is used in the broadest sense possible and includes, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand: papers; books; letters; tangible things; records; correspondence; e-mails; electronic communications; postings on the Internet; telegrams; cables; telex messages; memoranda; diaries; reports; notes; notations; work papers; financial records; communications; summaries; transcripts; records of conversations; interviews; meetings; telephone conversations or conferences; minutes; audio or videotapes; cassettes or disks; statistical statements; graphs; charts; accounts; analytical records; reports or summaries of investigations; computerized records; affidavits; statements; opinions; studies; analyses; appraisals; estimates; projections; illustrations; tables; maps; schedules; worksheets; proposals; contracts; agreements; desk or other calendars; appointment books; lists; tabulations; business records; books of account; ledgers; journals; balance sheets; financial statements; accountant's statements; bank statements; drafts; negotiable instruments; checks; receipts; invoices; purchase orders; bills; microfilms; photographs or negatives thereof; and any writings as defined by Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" or "DOCUMENTS" also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in

NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

1  preparation of any DOCUMENT. The words "DOCUMENT" or "DOCUMENTS" further

2  include any file or other container holding, or which at any time held, any DOCUMENT as

3  well as any writing or other communication which appears or appeared on, or affixed to,

4  such file or other container.

5

6  d)    "KOPPLE" means Robert Kopple, his agents, attorneys, and other representatives.

7

8  e)    "FINANCIAL STATEMENT"(s) shall include financial statements of every kind

9  and type, including but not limited to balance sheets, income statements, and statements of

10  cash flows.

11

12  f)    Each request contained herein extends to any DOCUMENTS in YOUR possession,

13  custody or control. A DOCUMENT is deemed to be in YOUR possession, custody or

14  control, (1) if it is in YOUR physical custody, or (2) if it is in the physical custody of any

15  other person and YOU (a) own such DOCUMENT in whole or in part; (b) YOU have a

16  right by contract, statute or otherwise to sue, inspect, examine or copy such DOCUMENT

17  on any terms; (c) YOU have an understanding, express or implied, that he may use,

18  inspect, examine or copy such DOCUMENT on any terms; or (d) YOU have, as a practical

19  matter, been able to use, inspect, examine or copy such DOCUMENT when YOU have

20  sought to do so. Such DOCUMENTS shall include, without limitation, DOCUMENTS

21  that are in the custody of YOUR attorneys or other agents.

22

23  g)    If a DOCUMENT exists within the memory of a computer or computer disc, a copy

24  of that data should be produced in machine-readable form, and a "hard" copy of the

25  DOCUMENT should be printed and produced.

26

27  h)    As used herein, the singular shall include the plural and vice versa, whenever such

28  construction results in a broader request for information.

W02-WEST:5MAJ1\401695794.6

NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

1   i)      As used herein, "and" may be understood to mean "or" and vice versa whenever

2   such construction results in a broader request for information.

3

4                          **DOCUMENTS TO BE PRODUCED**

5

6   **REQUEST FOR PRODUCTION NO. 1:**

7           ALL DOCUMENTS evidencing the bank accounts or investment accounts

8   held by the DEBTOR or held for the benefit of the DEBTOR since July 24, 2005.

9   **REQUEST FOR PRODUCTION NO. 2:**

10          ALL DOCUMENTS evidencing tax returns filed by DEBTOR since July 24,

11  2005.

12  **REQUEST FOR PRODUCTION NO. 3:**

13          All DOCUMENTS evidencing financial statements of the DEBTOR since

14  July 24, 2005.

15  **REQUEST FOR PRODUCTION NO. 4:**

16          ALL DOCUMENTS evidencing the bank accounts or investment accounts

17  held by 9130 Nolan Street, LLC or held for the benefit of 9130 Nolan Street, LLC since

18  July 24, 2005.[1]

19  **REQUEST FOR PRODUCTION NO. 5:**

20          ALL DOCUMENTS evidencing tax returns filed by 9130 Nolan Street, LLC

21  since July 24, 2005.

22  **REQUEST FOR PRODUCTION NO. 6:**

23          All DOCUMENTS evidencing financial statements of the 9130 Nolan Street,

24  LLC since July 24, 2005.

25  _____

[1] Debtor has represented under penalty of perjury that 9130 Nolan Street, LLC is an
26      "affiliated entity" of Debtor, and sought the permission of the Bankruptcy Court to
        transfer bank accounts to 9130 Nolan Street, LLC based on Debtor's sworn
27      declaration.  (*See* July 31, 2009 Declaration of K. Kuhn ISO Motion to Transfer
        Funds to Non-Debtor.)

28
                                        -13-

1  **REQUEST FOR PRODUCTION NO. 7:**

2  ALL DOCUMENTS evidencing the bank accounts or investment accounts

3  held by Castellino Villas, LLC[2] or held for the benefit of Castellino Villas, LLC since July

4  24, 2005.

5  **REQUEST FOR PRODUCTION NO. 8:**

6  ALL DOCUMENTS evidencing tax returns filed by Castellino Villas, LLC

7  since July 24, 2005.

8  **REQUEST FOR PRODUCTION NO. 9:**

9  All DOCUMENTS evidencing financial statements of the Castellino Villas,

10  LLC since July 24, 2005.

11  **REQUEST FOR PRODUCTION NO. 10:**

12  ALL DOCUMENTS evidencing the bank accounts or investment accounts

13  held by Siena Villas, LLC[3] or held for the benefit of Siena Villas, LLC since July 24,

14  2005.

15  **REQUEST FOR PRODUCTION NO. 11:**

16  ALL DOCUMENTS evidencing tax returns filed by Siena Villas, LLC since

17  July 24, 2005.

18  **REQUEST FOR PRODUCTION NO. 12:**

19  All DOCUMENTS evidencing financial statements of Siena Villas, LLC

20  since July 24, 2005.

21  **REQUEST FOR PRODUCTION NO. 13:**

22  ALL DOCUMENTS that refer or relate to loans issued by DEBTOR

23  DEBTOR since July 24, 2005.

24

25

26

27  [2] Castellino Villas, LLC is a wholly owned subsidiary of Debtor.

28  [3] Siena Villas, LLC is Debtor's managing partner.

1    **REQUEST FOR PRODUCTION NO. 14:**

2    ALL DOCUMENTS that refer or relate to any deeds of trust issued against

3    property held by the DEBTOR since July 24, 2005.

4    **REQUEST FOR PRODUCTION NO. 15:**

5    ALL DOCUMENTS that refer or relate to transfers to or from accounts held

6    by KOPPLE, on the one hand, and accounts held by or for the benefit of the DEBTOR, on

7    the other hand, since July 24, 2005.

8    **REQUEST FOR PRODUCTION NO. 16:**

9    ALL DOCUMENTS that refer or relate to transfers to or from accounts held

10    by K.F. Properties, Inc., on the one hand, and accounts held by or for the benefit of the

11    DEBTOR, on the other hand, since July 24, 2005.

12    **REQUEST FOR PRODUCTION NO. 17:**

13    ALL DOCUMENTS that refer or relate to transfers to or from accounts held

14    by E L II Trust, on the one hand, and accounts held by or for the benefit of the DEBTOR,

15    on the other hand, since July 24, 2005.

16    **REQUEST FOR PRODUCTION NO. 18:**

17    ALL DOCUMENTS that refer or relate to transfers to or from accounts held

18    by Kopple Financial, Inc., on the one hand, and accounts held by or for the benefit of the

19    DEBTOR, on the other hand, since July 24, 2005.

20    **REQUEST FOR PRODUCTION NO. 19:**

21    ALL DOCUMENTS that refer or relate to transfers to or from accounts held

22    by Castellino Villas, LLC on the one hand, and accounts held by or for the benefit of the

23    DEBTOR, on the other hand, since July 24, 2005.

24    **REQUEST FOR PRODUCTION NO. 20:**

25    ALL DOCUMENTS that refer or relate to transfers to or from accounts held

26    by Siena Villas, LLC, on the one hand, and accounts held by or for the benefit of the

27    DEBTOR, on the other hand, since July 24, 2005.

28

-15-

NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by Erich Kopple, on the one hand, and accounts held by or for the benefit of the DEBTOR, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by 9130 Nolan Street, LLC, on the one hand, and accounts held by or for the benefit of the DEBTOR, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by Castellino Villas, LLC, on the one hand, and accounts held by or for the benefit of the K.F. Properties, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by Siena Villas, LLC, on the one hand, and accounts held by or for the benefit of the K.F. Properties, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by 9130 Nolan Street, LLC, on the one hand, and accounts held by or for the benefit of the K.F. Properties, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 26:**

ALL DOCUMENTS that refer or relate to the transfer or sale of real property held by DEBTOR since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS that refer or relate to the two deeds of trust issued by DEBTOR to E L II Properties Trust on or about April 9, 2009.

-16-

1 **REQUEST FOR PRODUCTION NO. 28:**

2     ALL DOCUMENTS that refer or relate to any loans extended by DEBTOR

3 to any individual or entity since July 24, 2005.

4 **REQUEST FOR PRODUCTION NO. 29:**

5     ALL DOCUMENTS that refer or relate to the loan receivable by DEBTOR

6 from Castellino Villas, LLC in the amount of approximately $3,504,953, as referenced in

7 DEBTOR's schedules.

8 **REQUEST FOR PRODUCTION NO. 30:**

9     ALL DOCUMENTS evidencing agreements between KOPPLE and the

10 DEBTOR.

11 **REQUEST FOR PRODUCTION NO. 31:**

12     ALL DOCUMENTS evidencing agreements between K.F. Properties and the

13 DEBTOR.

14 **REQUEST FOR PRODUCTION NO. 32:**

15     ALL DOCUMENTS evidencing agreements between K.F. Properties and

16 Castellino Villas, LLC; Siena Villas, LLC; and 9130 Nolan Street, LLC.

17 **REQUEST FOR PRODUCTION NO. 33:**

18     ALL DOCUMENTS evidencing communications between DEBTOR and

19 persons auditing the DEBTOR'S financial statements or books of account.

20 **REQUEST FOR PRODUCTION NO. 34:**

21     ALL DOCUMENTS that refer or relate to the transfer of ownership of

22 DEBTOR from Siena Villas, LLC to the E L II Properties Trust.

23 **REQUEST FOR PRODUCTION NO. 35:**

24     ALL DOCUMENTS that refer or relate to the lease held by KF Properties,

25 Inc. for DEBTOR's property located at 9103-170 Laguna Main Street in Elk Grove,

26 California.

27

28

W02-WEST:5MAJ1\401695794.6

NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

1    **REQUEST FOR PRODUCTION NO. 36:**

2    ALL DOCUMENTS that refer or relate to the purchase or sale of ownership

3    interests in DEBTOR previously held by the Keith J. Pomeroy Trust, the Enid Borden

4    Trust, the Howard Leshman Trust, ZYLF Management, Inc., and KFP, Inc.

5    **REQUEST FOR PRODUCTION NO. 37:**

6    ALL DOCUMENTS that refer or relate to any Directors & Officers

7    insurance policies held by DEBTOR.

8    **REQUEST FOR PRODUCTION NO. 38:**

9    ALL DOCUMENTS that refer or relate to DEBTOR'S partnership

10   agreement and any revisions or amendments thereto.

11   **REQUEST FOR PRODUCTION NO. 39:**

12   ALL DOCUMENTS that refer or relate to the operating agreements of 9130

13   Nolan Street, LLC; Castellino Villas, LLC; and Siena Villas, LLC, and any revisions or

14   amendments thereto.

15   **REQUEST FOR PRODUCTION NO. 40:**

16   ALL DOCUMENTS that refer or relate to any requirement that the property

17   located at 9130 Nolan Street be owned by a single purpose entity.

18   **REQUEST FOR PRODUCTION NO. 41:**

19   ALL DOCUMENTS that refer or relate to any appraisals of real property

20   owned by DEBTOR at any time since July 24, 2009.

21   **REQUEST FOR PRODUCTION NO. 42:**

22   ALL DOCUMENTS that refer or relate to any appraisals of real property

23   owned by Castellino Villas, LLC; 9130 Nolan Street, LLC; and Siena Villas, LLC at any

24   time since July 24, 2009.

25

26

27

28

W02-WEST:5MAJ1\401695794.6          NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND
                                    DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004;
                                    DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF

F 4001-10.NA

| In re        (SHORT TITLE)<br>CAMPBELL CORNERS LIMITED PARTNERSHIP I, a Michigan limited partnership<br><div align="right">Debtor(s)</div> | CHAPTER: 11<br><br>CASE NO.: 09-29222-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
333 South Hope Street, 43rd Floor
Los Angeles, CA  90071

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION FOR EXAMINATION OF DEBTOR AND DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004; DECLARATION OF MEREDITH JONES-McKEOWN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 29, 2009.  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Ron Bender, Attorney for Debtor:  rb@lnbrb.com
Krikor J. Meshefejian on behalf of Debtor Campbell Corners Limited Partnership I:  kjm@lnbrb.com
Todd M. Arnold, Attorney for Debtor:  tma@lnbrb.com
Dare Law, Attorney for United State Trustee (LA):  dare.law@usdoj.gov

<div align="right">☐ Service information continued on attached page</div>

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On September 29, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| Debtor (by U.S. Mail):<br>Campbell Corners Limited Partnership I<br>11340 Olympic Blvd., #210<br>Los Angeles, CA  90064 | Picerne<br>1420 East Missouri Avenue, Suite 100<br>Phoenix, AZ  85014 |
| Hon. Ernest M. Robles  **(by Overnight Mail)**<br>U.S. Bankruptcy Court<br>255 E. Temple St., Suite 1560<br>Los Angeles, CA  90012 | |
| U.S. Trustee<br>United States Trustee<br>725 S. Figueroa St., 26th Floor<br>Los Angeles, CA  90017 | Counsel for Central Pacific Bank<br>Mark Bradshaw, Esq.<br>Shulman Hodges & Bastian<br>26632 Towne Centre Dr., Suite 300<br>Foothill Ranch, CA  92610-2808 |
| Central Pacific Bank<br>Attn:  Ronald Migata, Chairman<br>President CEO<br>222 South King Street, 2nd Floor<br>Honolulu, HI  96813 | Bradford K. Giles, Senior Vice President<br>Mainland Director<br>Central Pacific Bank<br>16870 W. Bernardo Dr., Suite 360<br>San Diego, CA  92127 |

**F 4001-10.NA**

| In re      (SHORT TITLE)<br>CAMPBELL CORNERS LIMITED PARTNERSHIP I, a Michigan limited partnership<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 09-29222-ER |
| --- | --- |

| EL II Properties Trust<br>Robert Kopple, Trustee<br>11340 Olympic Blvd., #210<br>Los Angeles, CA  90064 | |
| --- | --- |

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 29, 2009 | Virginia La Monica | /s/ Virginia La Monica |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |