SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
RICHARD W. BRUNETTE, Cal Bar No. 81621
SCOTT HENNIGH, Cal. Bar No. 184413
MEREDITH JONES-MCKEOWN Cal. Bar No. 233301
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Picerne Construction Corp.
dba Camelback Construction

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CAMPBELL CORNERS LIMITED PARTNERSHIP I,<br>A Michigan Limited Partnership,<br><br>Debtor and<br>Debtor in Possession. | Case No. 09-29222-ER<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR EXAMINATION OF E L II PROPERTIES TRUST AND DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004: DECLARATION OF MEREDITH JONES-MCKEOWN IN SUPPORT THEREOF**<br><br>NO HEARING REQUIRED |

PLEASE TAKE NOTICE that Picerne Construction Corporation, ("Picerne"), a creditor and party in interest in the above-captioned cases, respectfully requests an Order pursuant to Federal Rule of Bankruptcy Procedure 2004 directing the production of documents by, and examination of the E L II Properties Trust.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 2004-1(f), if you object to the proposed examination and document production, you must file and serve a motion for a protective order at least eleven (11) days before the date set for the proposed examination and document production, and set it for hearing not less than two (2) court days before the scheduled examination, unless an order shortening time is granted by the Court.

PLEASE TAKE FURTHER NOTICE that this Motion is based upon this Notice of Motion and Motion, the Declaration of Meredith Jones-McKeown, the record in this case, and any documentary or oral evidence that may be introduced at or prior to any hearing on this Motion.

PLEASE TAKE FURTHER NOTICE that the document production of E L II Properties Trust will take place on November 17, 2009, at 9:00 a.m. at the offices of Sheppard, Mullin, Richter & Hampton LLP, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071-1448; and the examination will take place on December 2, 2009 at 3:00 p.m. at the offices of Sheppard, Mullin, Richter & Hampton LLP, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071-1448.

Dated: October 27, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Richard W. Brunette*
RICHARD W. BRUNETTE
Attorneys for Petitioner
PICERNE CONSTRUCTION CORP. dba
CAMELBACK CONSTRUCTION

**MOTION FOR EXAMINATION**

In support of this Motion, Picerne Construction Corporation ("Picerne") respectfully represents as follows:

1. Movant Picerne is a creditor of Debtor Campbell Corners, L.P. ("Campbell Corners") by reason of, of among other things, Campbell Corners' failure and refusal to pay Picerne for work performed pursuant to a contract to build a 328-unit apartment complex in Elk Grove, California known as "Siena Villas."

2. The E L II Properties Trust holds key information and documents about Debtor and its assets, and appears to have been the recipient of a fraudulent transfer of assets by Debtor. According to Debtor's filings with this Court, Debtor is a limited partnership composed of managing partner Siena Villas, LLC and minority partner EL II Properties Trust. Robert Kopple is the manager of Siena Villas, LLC. He is both the trustee and the beneficiary of the EL II Properties Trust. He is the signatory on Debtor's bankruptcy petition and its bankruptcy schedules. According to Debtor's schedules, just a few months before Debtor filed bankruptcy (and after Picerne had received a favorable arbitration award against Debtor), Debtor executed two notes and deeds of trust in favor of the EL II Properties Trust in excess of $6 million dollars. During its creditors' examination, Debtor was unable to identify whether or when it had received anything in exchange for the deeds of trust. Despite the close connections between the EL II Properties Trust and Debtor, when Picerne sought documents from Debtor related to the E L II Properties Trust, Debtor's counsel claimed it did not represent and had no control over either the E L II Properties Trust or documents kept by that entity. As a result, Picerne had no option but to seek a separate Rule 2004 examination of the EL II Properties Trust directly.

3. Picerne seeks to question the person most knowledgeable at E L II Properties Trust regarding insider transfers between the EL II Properties Trust, Mr. Kopple, Debtor, Debtor's other insiders, and Debtor's related entities, including but not limited to 9130 Nolan Street, LLC; Siena Villas, LLC; Castellino Villas, LLC; and KF Properties, Inc.

4. Picerne requests an order for the production of documents by the E L II Properties Trust evidencing information related to insider transfers between Mr. Kopple, Debtor, Debtor's other insiders, and Debtor's related entities, including but not limited to 9130 Nolan Street, LLC; Siena Villas, LLC; Castellino Villas, LLC; the EL II Properties Trust; and KF Properties, Inc., as described in more detail in Exhibit A to the declaration of Meredith Jones-McKeown.

5. The proposed examination and document production is within the permissible scope of examination set forth under Federal Rule of Bankruptcy Procedure (FRBP) 2004. The scope of permissible inquiry under FRBP 2004 is broad. FRBP 2004(b) provides:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a … reorganization case under chapter 11 of the Code…, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

The purpose of a Rule 2004 examination is to allow inquiry into the Debtor's acts, conduct, or financial affairs so as to discover all assets of the estate. See 9 Collier on Bankruptcy ¶ 2004.01(1999).

6. In accordance with Local Bankruptcy Rule 2004-1(b), Picerne is informed and believes that the E L II Properties Trust maintains a place of business at 11340 Olympic Boulevard, Suite 210, Los Angeles, California.

7. In accordance with Local Bankruptcy Rule 2004-1(b), Picerne's counsel attempted to meet and confer with counsel for Debtor under the theory that all parties involved in the E L II Properties Trust, including Mr. Kopple, are closely related to Debtor and the instant bankruptcy action. However, Debtor's counsel informed Picerne's counsel that it does not represent the E L II Properties Trust and could not meet and confer with Picerne regarding the production of E L II Properties Trust. Picerne is unaware of any separate attorney representing the E L II Properties Trust. Given Mr. Kopple's dual role as beneficiary and trustee for the E L II Properties Trust and as the principal for Debtor, Picerne's counsel concluded that it would be ethically inappropriate to contact Robert Kopple or other employees of E L II Properties Trust directly to further meet and confer about the issue.

8. Local Bankruptcy Rule 2004-1(b) requires that the Motion state why the examination cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure. The examination sought cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014 because Movant is not a party to an adversary proceeding or contested matter that is currently pending in the Bankruptcy Court under which the proposed examination and document production can properly be taken, and thus a Rule 2004 exam is the only means for Movant to obtain the production of documents and appearance by the E L II Properties Trust to answer questions under oath.

9. Local Bankruptcy Rule 2004-1(c) also requires that the proposed examiner provide at least 21 days notice of the examination. In compliance with the Local Rule, the document production and the examination of E L II

Properties Trust will take place at least 21 days after the date of service or the date of filing of the Notice of Motion and Motion.

10. Picerne proposes to conduct the document production and examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure on November 17, 2009, at 9:00 a.m. at the offices of Sheppard, Mullin, Richter & Hampton LLP, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071-1448; and the examination will take place on December 2, 2009 at 3:00 p.m. at the offices of Sheppard, Mullin, Richter & Hampton LLP, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071-1448. The examination shall be continued from day to day, excluding weekends and holidays, if not completed on that date.

WHEREFORE, creditor Picerne Construction Corporation respectfully requests that this Court issue an order:

1. Directing E L II Properties Trust, to appear for examination at December 2, 2009 at 3:00 p.m., at Sheppard, Mullin, Richter & Hampton LLP, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071-1448; and

2. Directing E L II Properties Trust to produce on November 17, 2009 at 9:00 a.m., the documents described in Exhibit "A" to the Declaration of Meredith Jones-McKeown hereto, at Sheppard, Mullin, Richter & Hampton LLP, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071-1448.

Dated: October 27, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Richard W. Brunette*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RICHARD W. BRUNETTE
Attorneys for Petitioner
PICERNE CONSTRUCTION CORP. dba
CAMELBACK CONSTRUCTION

**DECLARATION OF MEREDITH JONES-MCKEOWN**

I, Meredith Jones-McKeown, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with SHEPPARD MULLIN RICHTER & HAMPTON LLP, attorneys of record for Picerne Construction Corporation ("Picerne").

2. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

3. This declaration is submitted in support of the Notice of Motion and Motion for Examination of E L II Properties Trust pursuant to Bankruptcy Rule 2004.

4. Based on papers filed by the Debtor in the instant bankruptcy, I am informed and believe that Debtor is a limited partnership with two partners: managing partner Siena Villas, LLC and minority partner EL II Properties Trust. Within six months prior to filings its bankruptcy petition, Debtor executed two deeds of trust in favor of the EL II Properties Trust in excess of $6 million dollars. During its creditors' examination, Debtor was unable to identify whether or when it had received anything in exchange for the deeds of trust. Debtor's principal, Robert Kopple, is the manager of Siena Villas and is also the trustor and beneficiary of the EL II Properties Trust. In September and October 2009, I sought to meet and confer with Beth Young, counsel for Debtor, in order to obtain its documents and examination under Rule 2004 on a variety of subjects, including transfers between Debtor and the E L II Properties Trust. During the course of this meet and confer process, Ms. Young represented that Debtor had no control over any documents or information in the possession, custody, and control of the EL II Properties Trust, despite the close links between the EL II Properties Trust, Debtor, and Robert Kopple. As a result, Picerne had no option but to seek a separate Rule 2004 examination of the EL II Properties Trust directly.

5. Picerne seeks to question E L II Properties Trust regarding insider transfers between the EL II Properties Trust, Mr. Kopple, Debtor, Debtor's other insiders,

and Debtor's related entities, including but not limited to 9130 Nolan Street, LLC; Siena Villas, LLC; Castellino Villas, LLC; and KF Properties, Inc.

6. Picerne requests an order for the production of documents by E L II Properties Trust evidencing information related to insider transfers between the EL II Properties Trust, Mr. Kopple, Debtor, Debtor's other insiders, and Debtor's related entities, including but not limited to 9130 Nolan Street, LLC; Siena Villas, LLC; Castellino Villas, LLC; and KF Properties, Inc., as set forth more fully in Exhibit A hereto.

7. In accordance with Local Bankruptcy Rule 2004-1(b), I am informed and believe that the E L II Properties Trust has a place of business at 11340 Olympic Boulevard, Suite 210, Los Angeles, California.

8. On behalf of Picerne, I attempted to meet and confer with Beth Young, counsel for Debtor, regarding the documents Picerne is seeking from E L II Properties Trust. I am unaware of any separate counsel representing the E L II Properties Trust. Ms. Young informed me that her firm does not represent E L II Properties Trust and could not coordinate the production of documents on behalf of E L II Properties Trust. Given Mr. Kopple's role as principal of the Debtor as well as trustee and beneficiary for the E L II Properties Trust, I concluded that it would be ethically inappropriate to contact Robert Kopple or the other employees of E L II Properties Trust directly to attempt to meet and confer with them about the issue, since they are represented by Ms. Young's firm in other capacities and the subject matter is closely related.

9. Attached hereto as Exhibit "A" is a true copy of the documents requested.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 27, 2009, at San Francisco, California.

Meredith Jones-McKeown

**EXHIBIT "A"**

**DEFINITIONS AND INSTRUCTIONS**

a) "ALL" means both "any" and "all."

b) "DEBTOR," means Campbell Corners Limited Partnership I, the debtor in the above-referenced Chapter 11 case, together with any and all affiliated entities.

c) "E L II Properties Trust," "YOU," or "YOUR" means the E L II Properties Trust, and its agents, attorneys, and other representatives.

d) "DOCUMENT" or "DOCUMENTS" is used in the broadest sense possible and includes, without limitation, the following items, whether printed, recorded or reproduced by any other mechanical process or written or produced by hand: papers; books; letters; tangible things; records; correspondence; e-mails; electronic communications; postings on the Internet; telegrams; cables; telex messages; memoranda; diaries; reports; notes; notations; work papers; financial records; communications; summaries; transcripts; records of conversations; interviews; meetings; telephone conversations or conferences; minutes; audio or videotapes; cassettes or disks; statistical statements; graphs; charts; accounts; analytical records; reports or summaries of investigations; computerized records; affidavits; statements; opinions; studies; analyses; appraisals; estimates; projections; illustrations; tables; maps; schedules; worksheets; proposals; contracts; agreements; desk or other calendars; appointment books; lists; tabulations; business records; books of account; ledgers; journals; balance sheets; financial statements; accountant's statements; bank statements; drafts; negotiable instruments; checks; receipts; invoices; purchase orders; bills; microfilms; photographs or negatives thereof; and any writings as defined by Rule 1001 of the Federal Rules of Evidence. The term "DOCUMENT" or "DOCUMENTS" also includes both originals and copies containing or having attached to them any alterations, notes, comments or other material not appearing on the original or any other copies not containing such material, and shall include drafts, revisions of drafts and other preliminary material, from whatever source, underlying, supporting or used in

preparation of any DOCUMENT. The words "DOCUMENT" or "DOCUMENTS" further include any file or other container holding, or which at any time held, any DOCUMENT as well as any writing or other communication which appears or appeared on, or affixed to, such file or other container.

e) "KOPPLE" means Robert Kopple, his agents, attorneys, and other representatives.

f) "FINANCIAL STATEMENT"(s) shall include financial statements of every kind and type, including but not limited to balance sheets, income statements, and statements of cash flows.

g) Each request contained herein extends to any DOCUMENTS in YOUR possession, custody or control. A DOCUMENT is deemed to be in YOUR possession, custody or control, (1) if it is in YOUR physical custody, or (2) if it is in the physical custody of any other person and YOU (a) own such DOCUMENT in whole or in part; (b) YOU have a right by contract, statute or otherwise to sue, inspect, examine or copy such DOCUMENT on any terms; (c) YOU have an understanding, express or implied, that he may use, inspect, examine or copy such DOCUMENT on any terms; or (d) YOU have, as a practical matter, been able to use, inspect, examine or copy such DOCUMENT when YOU have sought to do so. Such DOCUMENTS shall include, without limitation, DOCUMENTS that are in the custody of YOUR attorneys or other agents.

h) If a DOCUMENT exists within the memory of a computer or computer disc, a copy of that data should be produced in machine-readable form, and a "hard" copy of the DOCUMENT should be printed and produced.

i) As used herein, the singular shall include the plural and vice versa, whenever such construction results in a broader request for information.

j) As used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information.

k) As used herein, "CHANGE IN OWNERSHIP" shall refer to the change in YOUR percentage ownership of Debtor Campbell Corners, L P from 1% to 42.93% between July 24, 2009 and September 8, 2009, as reflected in the sworn declarations of Robert Kopple and Kathleen Kuhn in the above captioned action.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS evidencing the bank accounts or investment accounts held by E L II Properties Trust or held for the benefit of E L II Properties Trust since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS evidencing tax returns filed by E L II Properties Trust since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS evidencing financial statements of E L II Properties Trust since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by KOPPLE, on the one hand, and accounts held by or for the benefit of YOU, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by K.F. Properties, Inc., on the one hand, and accounts held by or for the benefit of YOU, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by Castellino Villas, LLC, on the one hand, and accounts held by or for the benefit of YOU, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by Erich Kopple, on the one hand, and accounts held by or for the benefit of YOU, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by YOU, on the one hand, and accounts held by or for the benefit of the DEBTOR, on the other hand, since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 9:**

ALL DOCUMENTS that refer or relate to the transfer or sale of real property held by YOU since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 10:**

ALL DOCUMENTS evidencing agreements between K.F. Properties and YOU.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS that refer or relate to YOUR operating agreements.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS that refer or relate to any appraisals of real property owned by YOU at any time since July 24, 2005.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS that refer or relate to the CHANGE IN OWNERSHIP.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS that refer or relate to the issuance of any deeds of trust by DEBTOR to YOU.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS that refer or relate to transfers to or from accounts held by Siena Villas, a K F LLC, on the one hand, and accounts held by or for the benefit of YOU, on the other hand, since July 24, 2005.

Form 254 – Subpoena for Rule 2004 Examination (12/06) 2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re: CAMPBELL CORNERS LIMITED PARTNERSHIP I, a Michigan limited partnership<br><br>Debtor | **SUBPOENA FOR RULE 2004 EXAMINATION** |
| To: E L II Properties Trust | Case No.*: 09-29222-ER<br><br>Chapter: 11 |

☒ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed.R.Bankr.P., at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Sheppard Mullin Richter & Hampton LLP<br>333 South Hope St., 43rd Floor, Los Angeles, CA 90071 | December 2, 2009 at 3:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Exhibit A to the Declaration of Meredith Jones-McKeown

| PLACE | DATE AND TIME |
|---|---|
| Sheppard Mullin Richter & Hampton LLP<br>333 South Hope St., 43rd Floor, Los Angeles, CA 90071 | November 17, 2009 at 9:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Richard W. Brunette<br>Attorney for Picerne Construction Corp. | October 27, 2009 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Sheppard Mullin Richter & Hampton LLP<br>333 South Hope St., 43rd Floor, Los Angeles, CA 90071 | |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

American LegalNet, Inc.
www.FormsWorkflow.com

| PROOF OF SERVICE | | | |
|---|---|---|---|
| SERVED | DATE | PLACE | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an orderto compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if there questing party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

| In re: CAMPBELL CORNERS LIMITED PARTNERSHIP I, A Michigan Limited Partnership Debtor(s). | CHAPTER 11 CASE NUMBER 09-29222-ER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, 48th Floor, Los Angeles, CA 90071-1448

A true and correct copy of the foregoing document described as NOTICE OF MOTION AND MOTION FOR EXAMINATION OF E L II PROPERTIES TRUST AND DOCUMENT PRODUCTION PURSUANT TO BANKRUPTCY RULE 2004; DECLARATION OF MEREDITH JONES-MCKEOWN IN SUPPORT THEREOF be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 27, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Todd M Arnold tma@lnbrb.com
- Ron Bender rb@lnbrb.com
- Mark Bradshaw mbradshaw@shbllp.com
- Richard W Brunette rbrunette@sheppardmullin.com
- Dare Law dare.law@usdoj.gov
- Krikor J Meshefejian kjm@lnbrb.com
- Robert K Sahyan rsahyan@sheppardmullin.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On October 27, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Campbell Corners Limited Partnership I
11340 Olympic Blvd., #210
Los Angeles, CA 900647

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 27, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Judge Ernest Robles (by Personal Delivery)
U.S. Bankruptcy Court
255 E. Temple St., Ctrm 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

Main Document Page 17 of 17

| In re: CAMPBELL CORNERS LIMITED PARTNERSHIP I, A Michigan Limited Partnership Debtor(s). | CHAPTER 11<br>CASE NUMBER 09-29222-ER |
|---|---|

| 10/27/2009 | Regina Gordon | /s/ Regina Gordon |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**