1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
    SCOTT HENNIGH, Cal. Bar No. 184413
3  ORI KATZ, Cal. Bar No. 209561
    MEREDITH JONES-McKEOWN, Cal. Bar No. 233301
4  4 Embarcadero Center, 17th Floor
    San Francisco, California  94111
5  Telephone:    415-434-9100
    Facsimile:    415-434-3947
6  Email:    shennigh@sheppardmullin.com
              okatz@sheppardmullin.com
7              mjones-mckeown@sheppardmullin.com

8  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
9      Including Professional Corporations
    RICHARD W. BRUNETTE, Cal. Bar No. 81621
10 333 South Hope Street, 43rd Floor
    Los Angeles, California 90071
11 Telephone:    213-620-1780
    Facsimile:    213-620-1398
12 Email        rbrunette@sheppardmullin.com

13 Attorneys for PICERNE CONSTRUCTION CORP.

14

15                **UNITED STATES BANKRUPTCY COURT**

16                **CENTRAL DISTRICT OF CALIFORNIA**

17                    **LOS ANGELES DIVISION**

18 | In re: | Case No. 2:09-bk-29222-ER |
|---|---|
19 | CAMPBELL CORNERS LIMITED PARTNERSHIP I, a Michigan Limited Partnership, | Chapter 11 |
20 | | **NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE** |
21 | Debtor. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Hearing Date:  March 17, 2010**
**Hearing Time: 11:00 a.m.**
**Courtroom:  1568**
**Honorable Ernest T. Robles**

28

W02-WEST:5MAJ1\402470682.2
Case No. 2:09-bk-29222-ER

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

1      TO THE HONORABLE ERNEST T. ROBLES, UNITED STATES

2 BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE AND TO ALL PARTIES IN

3 INTEREST:

4      **PLEASE TAKE NOTICE THAT ON** March 17, 2010 at 11:00 a.m., or on the

5 earliest date as the court may order in Courtroom 1568 of the United States Bankruptcy Court

6 located at 255 E. Temple Street, Los Angeles, California, Picerne Construction Corporation

7 ("Picerne"), a creditor and party in interest in the above-captioned case, shall and hereby does

8 move for authority to prosecute fraudulent and preferential transfers in the interests of the estate,

9 or, in the alternative, for the appointment of a Chapter 11 trustee.

10      This motion is supported by this Notice of Motion, the Memorandum of Points &

11 Authorities in Support of this Motion, the supporting declaration of Scott Hennigh, all pleadings

12 and records on file in this case, and all evidence offered and arguments made at or before any

13 hearing on this motion.

14      The facts upon which this motion is based include the following:

15      1.    On July 24, 2009 (the "Petition Date"), Debtor filed a voluntary petition for

16 relief under Chapter 11 of the Bankruptcy Code (the "Petition").  Debtor is currently operating its

17 estate as debtor-in-possession.

18      2.    Since filing bankruptcy, Debtor has consistently refused to pursue assets

19 that are rightfully the property of the estate, including:

20      (a)  the fraudulent transfer of the 328-unit apartment complex located at

21 9130 Nolan Street in Elk Grove, California from Debtor to a newly formed entity, 9130 Nolan

22 Street, LLC, at a time when multi-million dollar claims against Debtor were pending within four

23 years prior to the bankruptcy;

24      (b)  the voidable preferential transfer of an interest in the real property

25 owned by Debtor through the recording of two deeds of trust in favor of insider E L II Properties

26 Trust after Debtor received an unfavorable arbitration award and within one year prior to the

27 bankruptcy;

28

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

1            (c) Debtor's refusal to file a deficiency action against its general partner,

2    Siena Villas, LLC, which is responsible for Debtor's liabilities and obligations pursuant to the

3    partnership agreement and state law. (11 U.S.C. § 544; *In re Madison Associates,* 183 B.R. 206,

4    215 fn. 11 (C.D. Cal. 1995).)

5            3.     Granting creditor Picerne authority to pursue adversary proceedings to

6    recover the fraudulent transfer, void the preferential transfer, and file a deficiency proceeding

7    against Debtor's general partner is necessary for the protection of all creditors due to Debtor's

8    steadfast refusal to pursue these assets. Pursuit of these assets will bring additional assets into the

9    estate and will increase payment to creditors.

10            4.     If Picerne is not granted authority to pursue these issues, in the alternative,

11    it is necessary to appoint a Chapter 11 trustee to protect the creditors. A Chapter 11 trustee will be

12    obligated to pursue these assets and bring them back into the estate.

13            **PLEASE TAKE FURTHER NOTICE** that any party opposing this Motion

14    should file with the Clerk of the United States Bankruptcy Court and serve on counsel a written

15    response no later than 14 days prior to the hearing scheduled on the Motion. Any failure to file a

16    response may be deemed by the Court as consent to the relief requested.

17    DATED: February 24, 2010

18            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

19

20            By

21                            SCOTT E. HENNIGH

22                       Attorneys for Creditor
             PICERNE CONSTRUCTION CORPORATION

23

24

25

26

27

28

-2-

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.        INTRODUCTION

3        This Court should grant Picerne Construction Corporation permission to take the

4   following actions on behalf of the estate: (a) rescind the fraudulent transfer of title to the 328-unit

5   Siena Villas apartment complex done weeks after Picerne served its claim for non-payment; (b)

6   void Debtor's insider preference encumbrance in favor of the EL II Property Trust done days after

7   the arbitration award; and (c) pursue a deficiency action against the debtor's general partner, Siena

8   Villas LLC.

9

## II.        STATEMENT OF FACTS

10   A.        **Fraudulent and Preferential Transfers to Avoid Debts to Picerne**

11        On September 20, 2002, General Contractor Picerne Construction entered into a

12   contract with owner Campbell Corners Limited Partnership ("Debtor") to build a 328-unit

13   apartment complex in Elk Grove, California known as "Siena Villas."[1]

14        On May 21, 2006, Picerne sent a demand letter to Debtor seeking contract damages

15   in excess of $1,100,000.[2]  This put Debtor on notice of Picerne's claims against Debtor.

16        On June 15, 2006, Debtor transferred the ownership of Siena Villas from Campbell

17   Corners Limited Partnership to 9130 Nolan Street, LLC.[3]  No consideration was received.  No

18   documentary transfer tax was paid.[4]  Although Debtor had a contractual obligation to inform

19   Picerne of this change, it did not do so and instead conducted the transfer in secret.[5]  Debtor's

20

---

21   [1]  Request for Judicial Notice, Exh. B: Declaration of Robert Kopple in support of Limited
            Opposition to Relief from Stay at ¶¶ 10, 11 ("Prior to transferring its interest in Siena

22            Villas to [9130 Nolan Street, LLC], Debtor entered into a contract with Picerne
            Construction dba Camelback Construction concerning the construction of Siena Villas.

23            Construction commenced in or about May 2003 and was substantially completed in
            September 2005").

24   [2]  Schein Decl., Exh. A.

25   [3]  RJN, Exh. A: Declaration of Kathleen Kuhn in Support of Motion to Transfer Account to 9130
            Nolan Street, LLC at internal Exhibit A [Grant Deed].

26   [4]  *See id.*

27   [5]  Schein Decl., ¶ 3.

28

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

1  transfer rendered it unable to meet its current obligations on the property, including Picerne's

2  pending claim.  Debtor has repeatedly admitted to this Court that the reason it declared bankruptcy

3  was because of the judgment eventually obtained against it by Picerne.[6]

4           In September 2006, Picerne filed an arbitration demand against Debtor.  Picerne

5  and Debtor proceeded to arbitrate the matter over the course of more than 30 months.[7]

6           On March 19, 2009, the arbitrator issued an award which was final as to liability

7  and damages, and which adjudged Debtor liable for more than $700,000 in money damages as

8  well as the cost of providing an insurance policy to Picerne (valued at approximately $650,000).[8]

9  The award further stated that Debtor would continue to incur prompt payment penalties at the

10 statutory rate of 2% per month from December 5, 2008 until the date of payment.[9]

11          A few weeks later, on April 9, 2009, Debtor recorded two deeds of trust against the

12 six properties still owned by Debtor in favor of principal and insider Robert Kopple's living trust

13 (the E L II Properties Trust).[10]  The deeds of trust were in the amounts of $4,900,109 and

14 $1,166,432 "up to" $2,000,000.[11]  The effect was to make Mr. Kopple's living trust a secured

15 creditor in the remaining assets in the estate, such that the trust would have priority in the assets'

16 equity over the arbitration award recently obtained by Picerne and other creditors' claims.

17

18

19 _____
   [6] *See, e.g.,* RJN, Exh. B, ¶ 14: ("Costly litigation with Picerne . . . caused substantial financial
20      difficulties for the Debtor.  Adding to the financial difficulty the Debtor faced was the
        entirely unexpected and heavily disputed Arbitration Award.  The properties simply do not
21      generate enough income for Debtor to service its secured debt, maintain, develop, and
        operate its Properties, and pay the Arbitration Award and its attendant expenses."

22 [7] Schein Decl., ¶ 4.

23 [8] RJN, Exh. C, ¶¶ 4, 5: Copy of court-entered Judgment confirming terms of arbitration award.
   [9] *Id.*, ¶ 4(b).
24
   [10] RJN, Exh. B [Kopple Decl.] at ¶ 6 ("I am also the trustor, trustee, and a beneficiary of the E L II
25      Trust").

   [11] RJN, Exh. D: Declaration of Kate Kuhn in support of Cash Collateral Motion at ¶ 9 ("On or
26      about April 9, 2009, the Debtor executed the two E L II Trust Notes in the amount of
        $4,900,109 and up to $2,000,000 in favor of the EL II Trust, as well as deeds of trust
27      securing the E L II Trust Notes").

28
NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
              FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
              ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

1            On May 11, 2009, the arbitrator issued a final award that adjudged Debtor jointly

2    liable for $1,504,633.19 in attorneys' fees.[12]  Picerne has continued to incur attorneys' fees since

3    that date.[13]

4            On July 24, 2009, the Sacramento Superior Court issued a tentative ruling granting

5    Picerne's Petition to Confirm the Arbitration Award and denying Debtor's Petition Vacate the

6    Arbitration Award.[14]  On the very same day, Debtor filed the instant bankruptcy petition.

7    **B.    Debtor's Refusal to Pursue the Fraudulent and Preferential Transfer Claims**

8            On November 20, 2009, Picerne's counsel contacted Debtor and inquired as to

9    whether Debtor intended to pursue various assets that are the rightful property of the estate.[15]

10    Specifically, Picerne inquired as to whether Debtor: (1) intended to file an adversary proceeding

11    against 9130 Nolan Street, LLC to avoid the transfer and recover the Siena Villas apartment

12    complex; (2) intended to file an adversary proceeding against insider E L II Properties Trust to

13    avoid the two insider-preference trust notes; and (3) intended to proceed with a deficiency action

14    against Debtor's general partner, Siena Villas, LLC.   Debtor never provided a response to

15    Picerne's inquiry.[16]

16            On December 1, 2009, Picerne's counsel sent a second letter to Debtor seeking a

17    response to its November 20, 2009 inquiry.[17]  Again, Debtor never responded to Picerne's

18    inquiry.[18]

19            On December 18, 2009, Picerne's counsel sent a third letter to Debtor regarding the

20    potential recovery actions.[19]  Picerne's letter sought to follow up on Debtor's representation in

---

22    [12] RJN, Exh. C, ¶ 5(b).

23    [13] Schein Decl., ¶ 5.

   [14] RJN, Exh. E.

24    [15] Jones-McKeown Decl., Exh. A.

25    [16] *Id.*, ¶ 3.

   [17] Jones-McKeown Decl., Exh. B.

26    [18] *Id.*, ¶ 5.

27    [19] Jones-McKeown Decl., Exh. C.

28

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

1  open court that Debtor might stipulate to allow Picerne to pursue these claims. Debtor refused to

2  provide a substantive response to Picerne's request because it "was not currently in the process of

3  preparing a plan of reorganization for Campbell."[20]  Although Debtor now has a court deadline by

4  which it must file its plan, to date, Debtor has refused to stipulate to allow Picerne to pursue these

5  claims.[21]

## III.    DISCUSSION

A.    **This Court Should Grant Picerne Authority to Pursue the Fraudulent and Preferential Transfers on Behalf of the Estate**

Where a trustee or Debtor in Possession fails to execute its duties under the code to avoid certain transactions on behalf of the estate,[22] a creditor may seek authority to act on behalf of the estate for the benefit of all creditors:

> Generally if a trustee in bankruptcy defaults in the performance of any duty, such as seeking to set aside a fraudulent transfer, "the court may upon application direct him in his duty or, if he be recalcitrant, remove him for disobedience, or permit a creditor to act in his name." 2A Collier on Bankruptcy P 47.03, at 1744.1 (14th ed. 1978). See also 3A Collier on Bankruptcy P 64.104, at 2085-86 (14th ed. 1978); 4B Collier on Bankruptcy P 70.92 at 1055 (14th ed. 1978).

> . . . Although a trustee's right to set aside a fraudulent transfer is not assignable, 4 Collier's § 67.48 (3), a creditor who believes a suit should be commenced has the right to petition the Bankruptcy Court to compel the trustee to act, or for leave to prosecute the suit in the interests of the estate. 4A Collier's § 70.92. In the instant case the trustee has not undertaken to file the suit because of the lack of any monies with which to carry out the suit. Since the trustee is unable to pursue the suggested suit the creditor has a right to proceed on behalf of the estate. . . .

---

[20] Jones-McKeown Decl., Exh. D.

[21] *Id.*, ¶ 7.

[22] Bankruptcy trustees have the power to initiate litigation to avoid certain liens and transactions for the benefit of the estate and its creditors. (11 USC §§ 544, 545, 547 (preferential transfers), 548 (fraudulent transfers).)  Where no trustee has been appointed, a Chapter 11 debtor in possession assumes standing to file avoidance actions for the estate under §§ 544(a), 544(b), 545, 547, 548, 549, 553(b) and 724(a) and recovery actions under § 550. (See 11 USC § 1107(a) (giving DIP substantially all powers of trustee).)

-6-

W02-WEST:5MAJ1\402470682.2
Case No. 2:09-bk-29222-ER

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

1  (*In re Automated Business Systems, Inc.*, 642 F.2d 200, 202 (6th Cir. Tenn. 1981); *see also In re*

2  *Xonics Photochemical*, 841 F.2d 198, 203 (7th Cir. Ill. 1988) (applying standard to Debtor-in-

3  Possession); *In re Gibson Group, Inc.* (6th Cir. 1995) 66 F.3d 1436, 1438–1446; *Matter of Boerne*

4  *Hills Leasing Corp.* (5th Cir. 1994) 15 F.3d 57, 59–60.)

5          Here, Picerne seeks leave to pursue three claims on behalf of the estate.  First,

6  Picerne seeks to file an adversary proceeding on behalf of the estate to reverse the fraudulent

7  transfer of the Siena Villas property to 9130 Nolan Street, LLC.  Second, Picerne seeks to file an

8  adversary proceeding on behalf of the estate to void the two deeds of trust issued to insider E L II

9  Properties Trust as preferential transfers.  Third, Picerne seeks to file a deficiency action on behalf

10  of the estate against Debtor's managing partner, Siena Villas, LLC, which is responsible for the

11  debts of the estate pursuant under the partnership agreement and state law.  (*See* 11 U.S.C. § 544;

12  *In re Madison Associates,* 183 B.R. 206, 215 fn. 11 (C.D. Cal. 1995).)  Each of these actions will

13  bring additional assets into the estate to be distributed to Debtor's creditors.  Each of these actions

14  has a high probability of success.

15          Picerne will pursue these assets on behalf of all creditors.  Picerne will not settle

16  any claims without express instruction to do so from this Court.  To the extent that Picerne

17  recovers property for the benefit of the estate, Picerne will seek to recover its costs and expenses

18  associated with filing the avoidance actions on the estate's behalf out of the proceeds of the

19  recovery as permitted by 11 USC § 503(b)(3)(B).  *See also In re Hashim* (9th Cir. BAP 2007) 379

20  BR 912, 921–922.

21  B.    **In the Alternative, the Court Should Appoint a Chapter 11 Trustee**

22          If this Court does not permit Picerne to pursue the fraudulent and preferential

23  claims, a Chapter 11 trustee should be appointed to pursue these assets on behalf of the estate and

24  its creditors.

25          A Chapter 11 trustee may be appointed for "cause" or the best interests of the estate

26  and its creditors.  (11 USC § 1104(a)(1)-(3).)  "Cause" includes "fraud, dishonesty, incompetence,

27  or gross mismanagement of the affairs of the debtor by current management, either before or after

28

W02-WEST:5MAJ1\402470682.2
Case No. 2:09-bk-29222-ER

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

Case 2:09-bk-29222-ER    Doc 119    Filed 02/24/10    Entered 02/24/10 16:27:02    Desc
Main Document    Page 9 of 9

1  the commencement of the case." (Id.) Here, Debtor has engaged in a series of fraudulent and

2  preferential transfers designed to benefit Debtor's insiders at the expense of its rightful creditors.

3  The result has been a significant decrease in the assets available to the estate, meaning creditors

4  will be paid less than they are rightfully owed.  Despite its fiduciary obligation to act in the best

5  interests of its creditors, Debtor has repeatedly and steadfastly refused to pursue these assets and

6  recovery the fraudulently and preferentially transferred property.  As a result, this Court should

7  appoint a Chapter 11 Trustee to pursue these claims.

8  **IV.    <u>CONCLUSION</u>**

9  For the foregoing reasons, Picerne requests that this Court grant its motion for

10  authority to prosecute these fraudulent and preferential transfers in the interests of the estate.

11  DATED:  February 24, 2010

12  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14  By  _____

15  SCOTT HENNIGH
   Attorneys for Plaintiff

16  PICERNE CONSTRUCTION CORP. dba
   CAMELBACK CONSTRUCTION

W02-WEST:5MAJ1\402470682.2
Case No. 2:09-bk-29222-ER

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE