1  PETER J. MASTAN (Bar No. 190250)
   *pmastan@gumportlaw.com*
2  c/o
   GUMPORT | MASTAN
3  550 South Hope Street, Suite 825
   Los Angeles, California 90071-2627
4  Telephone: (213) 452-4900
   Facsimile: (213) 623-3302
5
   Court-Appointed Examiner
6

7

8                   UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         LOS ANGELES DIVISION

11 In re                              )   Bk. No. 2:09-bk-29222-ER
                                      )
12                                    )   CHAPTER 11
       CAMPBELL CORNERS LIMITED       )
13     PARTNERSHIP I, a Michigan      )   NOTICE OF MOTION AND MOTION
       Limited Partnership,           )   PURSUANT TO FRBP 2004 AND
14                                    )   L.B.R. 2004-1 FOR AN ORDER FOR
                                      )   THE PRODUCTION OF DOCUMENTS
15                                    )   BY AND EXAMINATION UNDER
                Debtor.               )   OATH OF THE CUSTODIAN OF
16                                    )   RECORDS OF WELLS FARGO
                                      )   BANK; DECLARATION OF PETER J.
17                                    )   MASTAN; AND EXHIBITS
                                      )
18                                    )
                                      )   DATE:
19                                    )   TIME:
                                      )   PLACE:    Courtroom 1568
20                                    )             255 E. Temple St.
                                      )             Los Angeles, CA 90012
21                                    )             [Judge Robles]
                                      )
22                                    )   [No hearing requested or required.]
                                      )
23                                    )
                                      )
24                                    )
                                      )
25                                    )
                                      )
26     _____)

27 ///

28 ///

**TO: (1) WELLS FARGO BANK; (2) DEBTOR CAMPBELL CORNERS LIMITED PARTNERSHIP I; (3) ROBERT KOPPLE; (4) EL II PROPERTIES TRUST; (5) KF PROPERTIES, INC.; (6) THE OFFICE OF THE UNITED STATES TRUSTEE; (7) THOSE PERSONS AND ENTITIES THAT HAVE REQUESTED SPECIAL NOTICE; AND THEIR RESPECTIVE ATTORNEYS OF RECORD, IF ANY:**

**NOTICE IS HEREBY GIVEN** that, on July 2, 2010, Peter J. Mastan (the "Examiner"), the court-appointed examiner in the bankruptcy case entitled *In re Campbell Corners Limited Partnership I*, U.S.B.C. Case No. 2:09-bk-29222-ER, filed with the Court a "Motion Pursuant to FRBP 2004 and L.B.R. 2004-1 for an Order for the Production of Documents by and Examination under Oath of the Custodian of Records of Wells Fargo Bank" (the "Motion"). The Motion is made pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1, to require the production of documents by and the examination under oath of Wells Fargo Bank (the "Bank"). Specifically, the Examiner seeks an order that provides as follows:

    **A.** Upon service of a subpoena on the Bank, the Bank shall produce for inspection and copying by the Examiner the documents and things described in **Exhibit A** at 10:00 a.m. on July 28, 2010, at the offices of Gumport | Mastan, 550 South Hope Street, Suite 825, Los Angeles, California 90071.

    **B.** Upon service of a subpoena on the Bank, the Bank, through its custodian of records, shall appear for and submit to a sworn examination by the Examiner pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1, at the offices of Gumport | Mastan, 550 South Hope Street, Suite 825, Los Angeles, California 90071, before a notary public or some other person authorized to administer oaths, beginning at 10:00 a.m. on July 28, 2010 and continuing during business hours from day to day thereafter (not including Saturdays, Sundays, and legal holidays) until completed.

**NOTICE UNDER CAL. CODE CIV. PROC. § 1985.3: NOTICE IS FURTHER GIVEN THAT (1) THIS RULE 2004 MOTION SEEKS PERSONAL RECORDS OF ROBERT KOPPLE; (2) IF KOPPLE OBJECTS TO THE BANK'S FURNISHING THE RECORDS SOUGHT, THEN KOPPLE MUST FILE PAPERS WITH THE**

1 **COURT OR SERVE A WRITTEN OBJECTION; AND (3) AN ATTORNEY SHOULD**
2 **BE CONSULTED BY KOPPLE ABOUT HIS INTEREST IN PROTECTING HIS**
3 **RIGHTS OF PRIVACY.**
4     **NOTICE IS FURTHER GIVEN** that the Bank's business address is 707 Wilshire
5 Blvd., 1st Floor, Los Angeles, California 90071 and that the Bank's telephone number is
6 (213) 253-6600. The Examiner is not aware of any "residence" address for the Bank.
7     **NOTICE IS FURTHER GIVEN** that the Motion is made on the grounds that: **(1)** EL
8 II Properties Trust ("EL Trust") contends that it loaned monies to debtor Campbell Corners
9 Limited Partnership I ("Campbell Corners"), **(2)** the Examiner has been appointed to
10 investigate, among other things, the existence, validity and avoidability of those purported
11 loan obligations; **(3)** the Examiner is informed and believes that Campbell Corners maintained
12 a bank account at the Bank; and **(4)** based on the foregoing, the Examiner believes that the
13 Bank may have documents relevant to his investigation (i.e., that would reflect the existence
14 of transfers made between EL Trust and Campbell Corners).
15     **NOTICE IS FURTHER GIVEN** that, as set forth in the attached declaration of
16 Peter J. Mastan, pursuant to L.B.R. 2004-1(a), the Examiner has attempted to confer with the
17 Bank concerning the proposed Rule 2004 examination and document request.
18     **NOTICE IS FURTHER GIVEN** that this matter cannot proceed under
19 Fed.R.Bankr.P. 7030 or 9014 because there is no pending adversary proceeding or contested
20 matter to which the Examiner is a party in which the proposed discovery would be
21 appropriate.
22     **NOTICE IS FURTHER GIVEN** that, pursuant to Local Bankruptcy Rule 2004-1(d),
23 no hearing on the motion will take place. However, pursuant to Local Bankruptcy
24 Rule 2004-1(f):
25     *The party whose examination is requested may file a motion for*
26     *protective order if grounds exist under FRBP 7026 and*
27     *F.R.Civ.P. 26(c). A motion for protective order must be filed*
28     *and served not less than 14 days before the date of the*

1     *examination, and set for hearing not less than 2 days before the*

2     *scheduled examination, unless an order shortening time is*

3     *granted by the court pursuant to LBR 9075-1.*

4     Any motion for a protective order must be filed with the Court and served on the

5 Examiner and the Office of the United States Trustee as follows:

6 | **For Filing with the Court:** | **For Service on the U.S. Trustee:**
Clerk's Office | Office of the United States Trustee
7 United States Bankruptcy Court | 725 South Figueroa Street, Suite 2600
255 East Temple Street | Los Angeles, California 90017
8 Los Angeles, California 90012

9 **For Service on the Examiner:**
Peter J. Mastan, Examiner
10 c/o Gumport | Mastan
550 South Hope Street, Suite 825
11 Los Angeles, California 90071

12     **NOTICE IS FURTHER GIVEN** that failure to timely file and serve the motion

13 **for a protective order and to timely set it for hearing in accordance with the Local**

14 **Bankruptcy Rules may be regarded by the Court as consent to granting this Motion and**

15 **as a waiver of any basis for a protective order.**

16

17 DATED: July 2, 2010          Respectfully submitted,

18                           PETER J. MASTAN, EXAMINER

19

20                           By: _____
                                Peter J. Mastan
21                           Court-Appointed Examiner

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Peter J. Mastan, court-appointed examiner in the bankruptcy case entitled *In re Campbell Corners Limited Partnership I*, U.S.B.C. Case No. 2:09-bk-29222-ER, submits this Memorandum of Points and Authorities in support of his motion (the "Motion") for a Rule 2004 order requiring (a) the production by Wells Fargo Bank (the "Bank") of the documents described in **Exhibit A**, and (b) the examination under oath of the Bank's custodian of records.

### II. STATEMENT OF FACTS

#### A. The Debtor's Bankruptcy Case

On July 24, 2009, Campbell Corners Limited Partnership I ("Campbell Corners") filed a voluntary petition for relief (i.e., the "Campbell Corners Case") under chapter 11 of the Bankruptcy Code. Mastan Decl., ¶ 2(a).

#### B. The Appointment of an Examiner

On May 21, 2010, the Court entered in the Campbell Corners Case an "Order: . . . (2) Directing United States Trustee to Appoint Examiner for the Purpose of Examining Potential Causes of Action and Claims and Reporting Examination Results to the Bankruptcy Court" (the "Examination Order"). Ex. 1.

On June 16, 2010, the Court entered in the Campbell Corners Case an order appointing the Examiner. Mastan Decl., ¶ 2(c).

### III. THE REQUESTED FED.R.BANKR.P. 2004 ORDER SHOULD BE GRANTED

Fed.R.Bankr.P. 2004(a) provides: "On motion of any party in interest, the court may order the examination of any entity." Fed.R.Bankr.P. 2004(b) provides that a Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate. . . ." "[I]t is well-settled that Rule 2004 discovery enjoys a broad scope, regardless of any background state law issues." *Dynamic Finance Corp. v. Kipperman (In re North Plaza)*, 395 B.R. 113, 122 (S.D. Cal. 2008). "The scope of a Rule 2004 examination is extremely

broad and has often been likened to a lawful 'fishing expedition.'" *In re Lufkin*, 255 B.R. 204, 209 (Bankr. E.D. Tenn. 2000).

"The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. at 208. "Rule 2004 may be used to search for assets which have been intentionally or unintentionally concealed." *Id.* (citation omitted); *see In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993) ("The purpose is to allow inquiry in the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate").

Pursuant to the Examination Order, the Examiner is to identify and evaluate certain claims for relief alleged by creditor Picerne Construction to exist on behalf of the Campbell Corners bankruptcy estate. Ex. 1. One of the disputes raised by Picerne Construction Corp. is the existence, validity, and voidability of purported loans made by EL II Properties Trust ("EL Trust") to debtor Campbell Corners. *See* Ex. 2.

EL Trust's proofs of claim filed in the Campbell Corners Case refer to transfers between EL Trust and Campbell Corners during January 2008 and July 2009. Ex. 3. The Examiner is informed and believes that, prior to bankruptcy, Campbell Corners maintained an account at the Bank. Mastan Decl., ¶ 4. As such, the Bank may have documents to reflect the existence or non-existence of these claimed transfers.

## IV.    ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

### A.    The Examiner has Attempted to Meet and Confer

As set forth in the attached declaration of Peter J. Mastan, in compliance with Local Bankruptcy Rule 2004-1(a), the Examiner has attempted to meet and confer with the Bank.

### B.    No Adversary Proceeding or Contested Matter

The Examiner cannot obtain the requested information from the Bank under Fed.R.Bankr.P. 7030 or 9014 because the Examiner is not a party to any pending adversary proceeding or contested matter. *See In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994) ("Thus, even after the trustee has commenced adversary proceeding(s), the trustee may

///

1 | conduct Rule 2004 examinations of entities which are not parties to or are not affected by the
2 | pending adversary proceeding(s)").

### C. The Bank's Contact Information

A business address for the Bank is 707 Wilshire Blvd., 1st Floor, Los Angeles, California 90071 with a telephone number of (213) 253-6600. The Examiner is not aware of any "residence" address for the Bank.

## V. CONCLUSION

For the reasons set forth above, the Court should grant the relief specified in the Notice of the Motion.

DATED: July 2, 2010

Respectfully submitted,

By _____
Peter J. Mastan
Court-Appointed Examiner

## DECLARATION OF PETER J. MASTAN

I, PETER J. MASTAN, declare:

1. I am the duly appointed examiner in the bankruptcy case entitled *In re Campbell Corners Limited Partnership I*, U.S.B.C. Case No. 2:09-bk-29222-ER (the "Campbell Corners Case"). Except as expressly stated otherwise, I have personal knowledge of the facts set forth below and could and would competently testify under oath thereto if requested to do so.

2. The Court may take, and is requested to take, judicial notice of the following:

   a. On July 24, 2009, Campbell Corners Limited Partnership I ("Campbell Corners") filed a voluntary petition for relief (i.e., the Campbell Corners Case) under chapter 11 of the Bankruptcy Code.

   b. On May 21, 2010, the Court entered in the Campbell Corners Case an "Order: . . . (2) Directing United States Trustee to Appoint Examiner for the Purpose of Examining Potential Causes of Action and Claims and Reporting Examination Results to the Bankruptcy Court" (the "Examination Order"), a copy of which is **Exhibit 1**.

   c. On June 16, 2010, the Court entered in the Campbell Corners Case an order appointing Peter J. Mastan as the Examiner in the Campbell Corners Case.

   d. **Exhibit 2** is a copy of a "Notice of Motion and Motion for Authority to Prosecute Fraudulent and Preferential Transfers in the Interests of the Estate; or, in the Alternative, to Appoint a Chapter 11 Trustee . . ." filed on February 24, 2010 by Picerne Construction Corp.

3. **Exhibit 3** includes proof of claim numbers 7 and 8 filed in the Campbell Corners Case by EL II Properties Trust.

4. I have reviewed various pleadings filed in the Campbell Corners Case, including the "Debtor's Emergency Motion to Convert Pre-Petition Debtor Account into a Debtor in Possession Account . . . ." Based on that review, I am informed and believe that, prior to bankruptcy, Campbell Corners maintained a bank account at Wells Fargo Bank (the "Bank").

5.    In compliance with Local Bankruptcy Rule 2004-1(a), I have attempted to meet and confer with the Bank prior to the filing of this motion. On July 1, 2010, I telephoned the Bank at its Wilshire Blvd. address and spoke to Lovie about this motion. Lovie told me to call (800) 869-3557 to discuss this. I telephoned that number and then was referred to Wells Fargo's Legal Service Processing department. The Legal Service Processing department told me that they do not handle subpoenas and transferred me to a voice mail line concerning service of subpoenas on the Bank.

6.    I am not a party to any pending adversary proceeding or contested matter in the Campbell Corners Case.

7.    Based on an internet search that I conducted, I am informed and believe that a business address for the Bank is 707 Wilshire Blvd., 1st Floor, Los Angeles, California 90071 and that the Bank's telephone number is (213) 253-6600. I am not aware of any "residence" address for the Bank.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 2nd day of July 2010 at Los Angeles, California.

PETER J. MASTAN