# EXHIBIT A

## DOCUMENTS TO BE PRODUCED

### DEFINITIONS

A.  "Account" means Wells Fargo Bank account number xxx-xx2206.

B.  "Campbell Corners" means to debtor Campbell Corners Limited Partnership I.

C.  "Document" means a "writing" or "recording," as those terms are defined in Fed.R.Evid. 1001, and includes written materials, tape recordings, and computer disks, computer drives and computer files. "Document" includes any Document in Your possession and/or under Your control.

D.  "EL II Trust" means EL II Properties Trust.

E.  "Kopple" means Robert Kopple.

F.  "You" means, and "Your" refers to, Wells Fargo Bank.

### DOCUMENTS AND THINGS TO BE PRODUCED BY YOU

1.  All Documents that constitute account statements for the Account for the period January 1, 2008 through July 31, 2009.

2.  All Documents that constitute account statements for accounts maintained by You in the name of Campbell Corners (other than the Account) for the period January 1, 2008 through July 31, 2009.

3.  All Documents (including without limitation front and back of checks, wire transfer receipts, and deposit slips) that refer to or mention deposits (in the amount of $10,000 or more) made during January 1, 2008 through July 31, 2009 into the Account that were received from either of the following: (a) EL II Trust, and (b) Kopple.

4.  All Documents (including without limitation front and back of checks, wire transfer receipts, and deposit slips) that refer to or mention deposits (in the amount of $10,000 or more) made during January 1, 2008 through July 31, 2009 into an account maintained by You in the name of Campbell Corners that were received from either of the following: (a) EL II Trust, and (b) Kopple.

///

**EXHIBIT A**

00009

9.

F:\CLIENTS\Campbell Corners\Pleadings\WellsFargo2004.mot.wpd

5. All Documents (including without limitation front and back copies of checks, withdrawal slips, wire transfer instructions, wire transfer receipts, and wire transfer confirmations) that refer to or mention debits made during January 1, 2008 through July 31, 2009 in the amount of $10,000 or more from the Account in favor of, payable to, or for the benefit of, either of the following: (a) EL II Trust, and (b) Kopple.

6. All Documents (including without limitation front and back copies of checks, withdrawal slips, wire transfer instructions, wire transfer receipts, and wire transfer confirmations) that refer to or mention debits made during January 1, 2008 through July 31, 2009 in the amount of $10,000 or more from an account maintained by You in the name of Campbell Corners (other than the Account) in favor of, payable to, or for the benefit of, either of the following: (a) EL II Trust, and (b) Kopple.

**END OF EXHIBIT A**

1  RON BENDER (SBN 143364)
   KRIKOR J. MESHEFEJIAN (SBN 255030)
2  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
3  Los Angeles, California 90067
   Telephone: (310) 229-1234
4  Facsimile: (310) 229-1244
5  Email: rb@lnbrb.com; kjm@lnbrb.com

6  Counsel for Chapter 11 Debtor and Debtor in Possession

> FILED & ENTERED
>
> MAY 21 2010
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY gonzalez DEPUTY CLERK

**CHANGES MADE BY COURT**

7                UNITED STATES BANKRUPTCY COURT
                 CENTRAL DISTRICT OF CALIFORNIA
8                     LOS ANGELES DIVISION

10  In re:                                    ) Case No. 2:09-bk-29222-ER
                                               )
11  CAMPBELL CORNERS LIMITED                   ) Chapter 11
    PARTNERSHIP I,                             )
12                                             )
                                               ) **ORDER:**
13              Debtor.                        )
                                               ) **(1) DENYING WITHOUT PREJUDICE**
14                                             ) **MOTION FILED BY PICERNE**
                                               ) **CONSTRUCTION CORP. FOR**
15                                             ) **AUTHORITY TO PROSECUTE**
                                               ) **FRAUDULENT AND PREFERENTIAL**
16                                             ) **TRANSFERS IN THE INTERESTS OF**
                                               ) **THE ESTATE; OR, IN THE**
17                                             ) **ALTERNATIVE, TO APPOINT A**
                                               ) **CHAPTER 11 TRUSTEE; AND**
18                                             )
                                               ) **(2) DIRECTING UNITED STATES**
19                                             ) **TRUSTEE TO APPOINT EXAMINER**
                                               ) **FOR THE PURPOSE OF EXAMINING**
20                                             ) **POTENTIAL CAUSES OF ACTION AND**
                                               ) **CLAIMS AND REPORTING**
21                                             ) **EXAMINATION RESULTS TO THE**
                                               ) **BANKRUPTCY COURT**
22                                             )
                                               )
23                                             ) Hearing:
                                               ) Date:  May 12, 2010
24                                             ) Time:  10:00 a.m.
                                               ) Place: Courtroom 1568
25                                             )        255 East Temple Street
                                               )        Los Angeles, CA 90012

**EXHIBIT 1**

1

00011

1  On May 12, 2010, at 10:00 a.m., the Court held a continued hearing to consider the "Notice Of Motion And Motion For Authority To Prosecute Fraudulent And Preferential Transfers In The Interests Of The Estate; Or, In The Alternative, To Appoint A Chapter 11 Trustee" (the "Motion") filed by Picerne Construction Corp. dba Camelback Construction ("Picerne"), in the bankruptcy case of Campbell Corners Limited Partnership I, Chapter 11 debtor and debtor in possession (the "Debtor"). Appearances were made as set forth in the Court's record.

The Court, having considered the Motion, the Debtor's opposition to the Motion, and all other pleadings and papers filed in support of, and in opposition to, the Motion, with good cause appearing, having found that the Court would benefit from an independent examination of: (a) the potential causes of action referenced by Picerne in the Motion; and (b) whether pursuing such actions would inure to the benefit of the Debtors' estate, hereby orders as follows:

1.  The Motion is denied without prejudice;

2.  The United States Trustee is directed to select and appoint an examiner (the "Examiner") who shall thereafter file a written report (the "Report") with the Court and serve the Report on the Debtor, Picerne, the United States Trustee, and all parties who have filed a request for special notice in this case;

3.  The Report shall:

    a.  Identify any potential causes of action referenced in the Motion (the "Potential Causes of Action");

    b.  Evaluate and describe the potential for success, if any, and/or the potential for failure, if any, in pursuing any of the Potential Causes of Action; and

    c. Evaluate and describe the net benefit, if any, to creditors of the Debtor's estate, and/or the costs, if any, to the Debtor's estate, from pursuing any of the Potential Causes of Action.

4. The Examiner is directed to file and serve the Report no later that ninety (90) days from the date that the United States Trustee appoints the Examiner, without prejudice to the right of the Examiner to request an extension from the Court of the deadline for the Examiner to file the Report; and

5. After the Examiner has filed the Report, the Court will determine whether any Potential Causes of Action should be pursued, and whether the Examiner or some other party will be provided with the standing to pursue the Potential Causes of Action.

IT IS SO ORDERED.

### 

DATED: May 21, 2010

_____
United States Bankruptcy Judge

| In re: | CHAPTER 11 |
|---|---|
| CAMPBELL CORNERS LIMITED PARTNERSHIP I,<br>Debtor(s). | Case No.: 2:09-bk-29222-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

A true and correct copy of the foregoing document described as **ORDER: (1) DENYING WITHOUT PREJUDICE MOTION FILED BY PICERNE CONSTRUCTION CORP. FOR AUTHORITY TO PROSECUTE FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE; AND (2) DIRECTING UNITED STATES TRUSTEE TO APPOINT EXAMINER FOR THE PURPOSE OF EXAMINING POTENTIAL CAUSES OF ACTION AND CLAIMS AND REPORTING EXAMINATION RESULTS TO THE BANKRUPTCY COURT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On May 18, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 18, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Service by E-Mail

- Ron Bender    rb@lnbrb.com
- Mark Bradshaw    mbradshaw@shbllp.com
- Richard W Brunette    rbrunette@sheppardmullin.com
- Ori Katz    okatz@sheppardmullin.com
- Dare Law    dare.law@usdoj.gov
- Krikor J Meshefejian    kjm@lnbrb.com
- Leo D Plotkin    lplotkin@lsl-la.com, dsmall@lsl-la.com
- Robert K Sahyan    rsahyan@sheppardmullin.com
- Wayne R Terry    wterry@hemar-rousso.com

<u>Via Personal Attorney Service</u>
The Hon. Ernest M. Robles
United States Bankruptcy Court
255 East Temple Street
Los Angeles, CA 90012

4

EXHIBIT 1

00014

1 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 18, 2010 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                **F 9013-3.1**

EXHIBIT 1

5

00015

| In re: | CHAPTER 11 |
|---|---|
| CAMPBELL CORNERS LIMITED PARTNERSHIP I, | Case No.: 2:09-bk-29222-ER |
| Debtor(s). | |

### NOTE TO USERS OF THIS FORM:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I. below**: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II. below**: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER: (1) DENYING WITHOUT PREJUDICE MOTION FILED BY PICERNE CONSTRUCTION CORP. FOR AUTHORITY TO PROSECUTE FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE; AND (2) DIRECTING UNITED STATES TRUSTEE TO APPOINT EXAMINER FOR THE PURPOSE OF EXAMINING POTENTIAL CAUSES OF ACTION AND CLAIMS AND REPORTING EXAMINATION RESULTS TO THE BANKRUPTCY COURT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of May 18, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Todd M Arnold    tma@lnbrb.com
- Ron Bender    rb@lnbrb.com
- Mark Bradshaw    mbradshaw@shbllp.com
- Richard W Brunette    rbrunette@sheppardmullin.com
- Ori Katz    okatz@sheppardmullin.com
- Dare Law    dare.law@usdoj.gov
- Krikor J Meshefejian    kjm@lnbrb.com
- Leo D Plotkin    lplotkin@lsl-la.com, dsmall@lsl-la.com
- Robert K Sahyan    rsahyan@sheppardmullin.com
- Wayne R Terry    wterry@hemar-rousso.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                             **F 9021-1.1**

**EXHIBIT 1**                                                                                              00016

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   SCOTT HENNIGH, Cal. Bar No. 184413
3  ORI KATZ, Cal. Bar No. 209561
   MEREDITH JONES-McKEOWN, Cal. Bar No. 233301
4  4 Embarcadero Center, 17th Floor
   San Francisco, California 94111
5  Telephone:    415-434-9100
   Facsimile:    415-434-3947
6  Email:        shennigh@sheppardmullin.com
                 okatz@sheppardmullin.com
7                mjones-mckeown@sheppardmullin.com

8  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
9    Including Professional Corporations
   RICHARD W. BRUNETTE, Cal. Bar No. 81621
10 333 South Hope Street, 43rd Floor
   Los Angeles, California 90071
11 Telephone:    213-620-1780
   Facsimile:    213-620-1398
12 Email         rbrunette@sheppardmullin.com

13 Attorneys for PICERNE CONSTRUCTION CORP.

14

15                    UNITED STATES BANKRUPTCY COURT

16                    CENTRAL DISTRICT OF CALIFORNIA

17                            LOS ANGELES DIVISION

18 In re:                                    Case No. 2:09-bk-29222-ER

19 CAMPBELL CORNERS LIMITED                  Chapter 11
   PARTNERSHIP I, a Michigan Limited
20 Partnership,                              **NOTICE OF MOTION AND MOTION
                                             FOR AUTHORITY TO PROSECUTE
21               Debtor.                     FRAUDULENT AND PREFERENTIAL
                                             TRANSFERS IN THE INTERESTS OF
22                                           THE ESTATE; OR, IN THE
                                             ALTERNATIVE, TO APPOINT A
23                                           CHAPTER 11 TRUSTEE**

24                                           **MEMORANDUM OF POINTS AND
                                             AUTHORITIES IN SUPPORT THEREOF**
25
                                             Hearing Date: March 17, 2010
26                                           Hearing Time: 11:00 a.m.
                                             Courtroom: 1568
27                                           Honorable Ernest T. Robles

28

W02-WEST:5MAJ1\402470682.2        NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
Case No. 2:09-bk-29222-ER         FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
                                  ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

**EXHIBIT 2**

00017

TO THE HONORABLE ERNEST T. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE AND TO ALL PARTIES IN INTEREST:

**PLEASE TAKE NOTICE THAT ON** March 17, 2010 at 11:00 a.m., or on the earliest date as the court may order in Courtroom 1568 of the United States Bankruptcy Court located at 255 E. Temple Street, Los Angeles, California, Picerne Construction Corporation ("Picerne"), a creditor and party in interest in the above-captioned case, shall and hereby does move for authority to prosecute fraudulent and preferential transfers in the interests of the estate, or, in the alternative, for the appointment of a Chapter 11 trustee.

This motion is supported by this Notice of Motion, the Memorandum of Points & Authorities in Support of this Motion, the supporting declaration of Scott Hennigh, all pleadings and records on file in this case, and all evidence offered and arguments made at or before any hearing on this motion.

The facts upon which this motion is based include the following:

1. On July 24, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition"). Debtor is currently operating its estate as debtor-in-possession.

2. Since filing bankruptcy, Debtor has consistently refused to pursue assets that are rightfully the property of the estate, including:

    (a) the fraudulent transfer of the 328-unit apartment complex located at 9130 Nolan Street in Elk Grove, California from Debtor to a newly formed entity, 9130 Nolan Street, LLC, at a time when multi-million dollar claims against Debtor were pending within four years prior to the bankruptcy;

    (b) the voidable preferential transfer of an interest in the real property owned by Debtor through the recording of two deeds of trust in favor of insider E L II Properties Trust after Debtor received an unfavorable arbitration award and within one year prior to the bankruptcy;

W02-WEST:5MAJ1\402470682.2
Case No. 2:09-bk-29222-ER

-1-

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

EXHIBIT 2

00018

1        (c) Debtor's refusal to file a deficiency action against its general partner,
2  Siena Villas, LLC, which is responsible for Debtor's liabilities and obligations pursuant to the
3  partnership agreement and state law. (11 U.S.C. § 544; *In re Madison Associates,* 183 B.R. 206,
4  215 fn. 11 (C.D. Cal. 1995).)
5        3.    Granting creditor Picerne authority to pursue adversary proceedings to
6  recover the fraudulent transfer, void the preferential transfer, and file a deficiency proceeding
7  against Debtor's general partner is necessary for the protection of all creditors due to Debtor's
8  steadfast refusal to pursue these assets. Pursuit of these assets will bring additional assets into the
9  estate and will increase payment to creditors.
10       4.    If Picerne is not granted authority to pursue these issues, in the alternative,
11 it is necessary to appoint a Chapter 11 trustee to protect the creditors. A Chapter 11 trustee will be
12 obligated to pursue these assets and bring them back into the estate.
13       **PLEASE TAKE FURTHER NOTICE** that any party opposing this Motion
14 should file with the Clerk of the United States Bankruptcy Court and serve on counsel a written
15 response no later than 14 days prior to the hearing scheduled on the Motion. Any failure to file a
16 response may be deemed by the Court as consent to the relief requested.
17 DATED: February 24, 2010

                            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                            By _____
                                    SCOTT E. HENNIGH

                                    Attorneys for Creditor
                                    PICERNE CONSTRUCTION CORPORATION

W02-WEST:5MAJ1\402470682.2                -2-
Case No. 2:09-bk-29222-ER          NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
                                   FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
                                   ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

EXHIBIT 2
                                                                           00019

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This Court should grant Picerne Construction Corporation permission to take the following actions on behalf of the estate: (a) rescind the fraudulent transfer of title to the 328-unit Siena Villas apartment complex done weeks after Picerne served its claim for non-payment; (b) void Debtor's insider preference encumbrance in favor of the EL II Property Trust done days after the arbitration award; and (c) pursue a deficiency action against the debtor's general partner, Siena Villas LLC.

## II. STATEMENT OF FACTS

A. **Fraudulent and Preferential Transfers to Avoid Debts to Picerne**

On September 20, 2002, General Contractor Picerne Construction entered into a contract with owner Campbell Corners Limited Partnership ("Debtor") to build a 328-unit apartment complex in Elk Grove, California known as "Siena Villas."[1]

On May 21, 2006, Picerne sent a demand letter to Debtor seeking contract damages in excess of $1,100,000.[2] This put Debtor on notice of Picerne's claims against Debtor.

On June 15, 2006, Debtor transferred the ownership of Siena Villas from Campbell Corners Limited Partnership to 9130 Nolan Street, LLC.[3] No consideration was received. No documentary transfer tax was paid.[4] Although Debtor had a contractual obligation to inform Picerne of this change, it did not do so and instead conducted the transfer in secret.[5] Debtor's

---

[1] Request for Judicial Notice, Exh. B: Declaration of Robert Kopple in support of Limited Opposition to Relief from Stay at ¶¶ 10, 11 ("Prior to transferring its interest in Siena Villas to [9130 Nolan Street, LLC], Debtor entered into a contract with Picerne Construction dba Camelback Construction concerning the construction of Siena Villas. Construction commenced in or about May 2003 and was substantially completed in September 2005").

[2] Schein Decl., Exh. A.

[3] RJN, Exh. A: Declaration of Kathleen Kuhn in Support of Motion to Transfer Account to 9130 Nolan Street, LLC at internal Exhibit A [Grant Deed].

[4] *See id.*

[5] Schein Decl., ¶ 3.

-3-
W02-WEST:5MAJ1\402470682.2
Case No. 2:09-bk-29222-ER

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

EXHIBIT 2                                            00020

1 | transfer rendered it unable to meet its current obligations on the property, including Picerne's
2 | pending claim. Debtor has repeatedly admitted to this Court that the reason it declared bankruptcy
3 | was because of the judgment eventually obtained against it by Picerne.[6]
4 |   In September 2006, Picerne filed an arbitration demand against Debtor. Picerne
5 | and Debtor proceeded to arbitrate the matter over the course of more than 30 months.[7]
6 |   On March 19, 2009, the arbitrator issued an award which was final as to liability
7 | and damages, and which adjudged Debtor liable for more than $700,000 in money damages as
8 | well as the cost of providing an insurance policy to Picerne (valued at approximately $650,000).[8]
9 | The award further stated that Debtor would continue to incur prompt payment penalties at the
10 | statutory rate of 2% per month from December 5, 2008 until the date of payment.[9]
11 |   A few weeks later, on April 9, 2009, Debtor recorded two deeds of trust against the
12 | six properties still owned by Debtor in favor of principal and insider Robert Kopple's living trust
13 | (the E L II Properties Trust).[10] The deeds of trust were in the amounts of $4,900,109 and
14 | $1,166,432 "up to" $2,000,000.[11] The effect was to make Mr. Kopple's living trust a secured
15 | creditor in the remaining assets in the estate, such that the trust would have priority in the assets'
16 | equity over the arbitration award recently obtained by Picerne and other creditors' claims.

---

[6] *See, e.g.,* RJN, Exh. B, ¶ 14: ("Costly litigation with Picerne . . . caused substantial financial difficulties for the Debtor. Adding to the financial difficulty the Debtor faced was the entirely unexpected and heavily disputed Arbitration Award. The properties simply do not generate enough income for Debtor to service its secured debt, maintain, develop, and operate its Properties, and pay the Arbitration Award and its attendant expenses."

[7] Schein Decl., ¶ 4.

[8] RJN, Exh. C, ¶¶ 4, 5: Copy of court-entered Judgment confirming terms of arbitration award.

[9] *Id.,* ¶ 4(b).

[10] RJN, Exh. B [Kopple Decl.] at ¶ 6 ("I am also the trustor, trustee, and a beneficiary of the E L II Trust").

[11] RJN, Exh. D: Declaration of Kate Kuhn in support of Cash Collateral Motion at ¶ 9 ("On or about April 9, 2009, the Debtor executed the two E L II Trust Notes in the amount of $4,900,109 and up to $2,000,000 in favor of the EL II Trust, as well as deeds of trust securing the E L II Trust Notes").

-4-
W02-WEST:5MAJ1\402470682.2
Case No. 2:09-bk-29222-ER
NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

EXHIBIT 2

00021

1    On May 11, 2009, the arbitrator issued a final award that adjudged Debtor jointly
liable for $1,504,633.19 in attorneys' fees.[12] Picerne has continued to incur attorneys' fees since that date.[13]

On July 24, 2009, the Sacramento Superior Court issued a tentative ruling granting Picerne's Petition to Confirm the Arbitration Award and denying Debtor's Petition Vacate the Arbitration Award.[14] On the very same day, Debtor filed the instant bankruptcy petition.

B.  **Debtor's Refusal to Pursue the Fraudulent and Preferential Transfer Claims**

On November 20, 2009, Picerne's counsel contacted Debtor and inquired as to whether Debtor intended to pursue various assets that are the rightful property of the estate.[15] Specifically, Picerne inquired as to whether Debtor: (1) intended to file an adversary proceeding against 9130 Nolan Street, LLC to avoid the transfer and recover the Siena Villas apartment complex; (2) intended to file an adversary proceeding against insider E L II Properties Trust to avoid the two insider-preference trust notes; and (3) intended to proceed with a deficiency action against Debtor's general partner, Siena Villas, LLC. Debtor never provided a response to Picerne's inquiry.[16]

On December 1, 2009, Picerne's counsel sent a second letter to Debtor seeking a response to its November 20, 2009 inquiry.[17] Again, Debtor never responded to Picerne's inquiry.[18]

On December 18, 2009, Picerne's counsel sent a third letter to Debtor regarding the potential recovery actions.[19] Picerne's letter sought to follow up on Debtor's representation in

---

[12] RJN, Exh. C, ¶ 5(b).
[13] Schein Decl., ¶ 5.
[14] RJN, Exh. E.
[15] Jones-McKeown Decl., Exh. A.
[16] *Id.*, ¶ 3.
[17] Jones-McKeown Decl., Exh. B.
[18] *Id.*, ¶ 5.
[19] Jones-McKeown Decl., Exh. C.

EXHIBIT 2
000022

open court that Debtor might stipulate to allow Picerne to pursue these claims. Debtor refused to provide a substantive response to Picerne's request because it "was not currently in the process of preparing a plan of reorganization for Campbell."[20] Although Debtor now has a court deadline by which it must file its plan, to date, Debtor has refused to stipulate to allow Picerne to pursue these claims.[21]

### III. DISCUSSION

**A. This Court Should Grant Picerne Authority to Pursue the Fraudulent and Preferential Transfers on Behalf of the Estate**

Where a trustee or Debtor in Possession fails to execute its duties under the code to avoid certain transactions on behalf of the estate,[22] a creditor may seek authority to act on behalf of the estate for the benefit of all creditors:

> Generally if a trustee in bankruptcy defaults in the performance of any duty, such as seeking to set aside a fraudulent transfer, "the court may upon application direct him in his duty or, if he be recalcitrant, remove him for disobedience, or permit a creditor to act in his name." 2A Collier on Bankruptcy P 47.03, at 1744.1 (14th ed. 1978). See also 3A Collier on Bankruptcy P 64.104, at 2085-86 (14th ed. 1978); 4B Collier on Bankruptcy P 70.92 at 1055 (14th ed. 1978).
>
> . . . Although a trustee's right to set aside a fraudulent transfer is not assignable, 4 Collier's § 67.48 (3), a creditor who believes a suit should be commenced has the right to petition the Bankruptcy Court to compel the trustee to act, or for leave to prosecute the suit in the interests of the estate. 4A Collier's § 70.92. In the instant case the trustee has not undertaken to file the suit because of the lack of any monies with which to carry out the suit. Since the trustee is unable to pursue the suggested suit the creditor has a right to proceed on behalf of the estate. . . .

---

[20] Jones-McKeown Decl., Exh. D.

[21] *Id.*, ¶ 7.

[22] Bankruptcy trustees have the power to initiate litigation to avoid certain liens and transactions for the benefit of the estate and its creditors. (11 USC §§ 544, 545, 547 (preferential transfers), 548 (fraudulent transfers).) Where no trustee has been appointed, a Chapter 11 debtor in possession assumes standing to file avoidance actions for the estate under §§ 544(a), 544(b), 545, 547, 548, 549, 553(b) and 724(a) and recovery actions under § 550. (See 11 USC § 1107(a) (giving DIP substantially all powers of trustee).)

EXHIBIT 2

00023

1  (*In re Automated Business Systems, Inc.*, 642 F.2d 200, 202 (6th Cir. Tenn. 1981); *see also In re*
2  *Xonics Photochemical*, 841 F.2d 198, 203 (7th Cir. Ill. 1988) (applying standard to Debtor-in-
3  Possession); *In re Gibson Group, Inc.* (6th Cir. 1995) 66 F.3d 1436, 1438–1446; *Matter of Boerne*
4  *Hills Leasing Corp.* (5th Cir. 1994) 15 F.3d 57, 59–60.)

5      Here, Picerne seeks leave to pursue three claims on behalf of the estate. First,
6  Picerne seeks to file an adversary proceeding on behalf of the estate to reverse the fraudulent
7  transfer of the Siena Villas property to 9130 Nolan Street, LLC. Second, Picerne seeks to file an
8  adversary proceeding on behalf of the estate to void the two deeds of trust issued to insider E L II
9  Properties Trust as preferential transfers. Third, Picerne seeks to file a deficiency action on behalf
10 of the estate against Debtor's managing partner, Siena Villas, LLC, which is responsible for the
11 debts of the estate pursuant under the partnership agreement and state law. (*See* 11 U.S.C. § 544;
12 *In re Madison Associates*, 183 B.R. 206, 215 fn. 11 (C.D. Cal. 1995).) Each of these actions will
13 bring additional assets into the estate to be distributed to Debtor's creditors. Each of these actions
14 has a high probability of success.

15     Picerne will pursue these assets on behalf of all creditors. Picerne will not settle
16 any claims without express instruction to do so from this Court. To the extent that Picerne
17 recovers property for the benefit of the estate, Picerne will seek to recover its costs and expenses
18 associated with filing the avoidance actions on the estate's behalf out of the proceeds of the
19 recovery as permitted by 11 USC § 503(b)(3)(B). *See also In re Hashim* (9th Cir. BAP 2007) 379
20 BR 912, 921–922.

21 **B.    In the Alternative, the Court Should Appoint a Chapter 11 Trustee**

22     If this Court does not permit Picerne to pursue the fraudulent and preferential
23 claims, a Chapter 11 trustee should be appointed to pursue these assets on behalf of the estate and
24 its creditors.

25     A Chapter 11 trustee may be appointed for "cause" or the best interests of the estate
26 and its creditors. (11 USC § 1104(a)(1)-(3).) "Cause" includes "fraud, dishonesty, incompetence,
27 or gross mismanagement of the affairs of the debtor by current management, either before or after

28

-7-

W02-WEST:5MAJ1\402470682.2    NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
Case No. 2:09-bk-29222-ER     FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
                              ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

**EXHIBIT 2**

00024

1  the commencement of the case." (Id.)  Here, Debtor has engaged in a series of fraudulent and
2  preferential transfers designed to benefit Debtor's insiders at the expense of its rightful creditors.
3  The result has been a significant decrease in the assets available to the estate, meaning creditors
4  will be paid less than they are rightfully owed.  Despite its fiduciary obligation to act in the best
5  interests of its creditors, Debtor has repeatedly and steadfastly refused to pursue these assets and
6  recovery the fraudulently and preferentially transferred property.  As a result, this Court should
7  appoint a Chapter 11 Trustee to pursue these claims.

## IV. CONCLUSION

9  For the foregoing reasons, Picerne requests that this Court grant its motion for
10 authority to prosecute these fraudulent and preferential transfers in the interests of the estate.
11 DATED: February 24, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
   SCOTT HENNIGH
   Attorneys for Plaintiff
   PICERNE CONSTRUCTION CORP. dba
   CAMELBACK CONSTRUCTION

-8-

W02-WEST:5MAJ1\402470682.2
Case No. 2:09-bk-29222-ER

NOTICE OF MOTION AND MOTION FOR AUTHORITY TO PROSECUTE
FRAUDULENT AND PREFERENTIAL TRANSFERS IN THE INTERESTS OF THE
ESTATE; OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE

EXHIBIT 2

00025