SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SCOTT HENNIGH, Cal. Bar No. 184413
ORI KATZ, Cal. Bar No. 209561
MEREDITH JONES-McKEOWN, Cal. Bar No. 233301
4 Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:    415-434-9100
Facsimile:     415-434-3947
Email:          shennigh@sheppardmullin.com
                    okatz@sheppardmullin.com
                    mjonesmckeown@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD W. BRUNETTE, Cal. Bar No. 81621
THERESA W. BANGERT, Cal. Bar No. 232803
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone:    213-620-1780
Facsimile:     213-620-1398
Email          rbrunette@sheppardmullin.com

Attorneys for PICERNE CONSTRUCTION CORP.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CAMPBELL CORNERS LIMITED PARTNERSHIP I,<br><br>Debtor. | Case No. 2:09-bk-29222-ER<br><br>Chapter 11<br><br>**PICERNE CONSTRUCTION CORPORATION'S OPPOSITION TO MOTION TO QUASH SUBPOENA OF ROBERT C. KOPPLE; AND**<br><br>**DECLARATION OF SCOTT E. HENNIGH IN SUPPORT OF PICERNE'S OPPOSITION**<br><br>Hearing Date:  August 11, 2010<br>Time:              10:00 a.m.<br>Courtroom:      1568 |

## OPPOSITION TO MOTION TO QUASH SUBPOENA

1

2        The EL II Properties Trust (Robert Kopple's personal revocable living trust) is the

3   single largest creditor of Kopple's Campbell Corners LP partnership.  Kopple is an insider.  He

4   (through his trust) has made two claims, one of $4.9 million, and the other for $1.2 million, both

5   of which he claims are "loans."  This, despite the fact that there was no loan documentation prior

6   to the vast majority of the transfers, and only created after the arbitration award.  And the debtor

7   Campbell Corners LP's records do not show transfers coming from the EL II Trust, but rather

8   some transfers from other entities.  In order to understand the validity of the claims, Picerne must

9   be allowed to see what entities Kopple's trust owns and controls, and the monetary transfers in and

10  out of the trust.

11       Kopple has been extremely resistant to any inquiries – amazingly even raising his

12  own objections and refusing to answer questions (despite no objections being made by his

13  attorneys) when sitting as a witness in front of this Court in the Castellino Villas LLC

14  confirmation hearings.  Picerne has requested Kopple's deposition and attempted to meet and

15  confer over the production of documents prior to the deposition, but Kopple refuses – flatly stating

16  that Picerne waived its right to the deposition when Picerne attempted to coordinate production of

17  documents prior to the deposition.  The Court should also be able to see Kopple's pattern of non-

18  cooperation from the Examiner's recent Rule 2004 motion attempting to obtain records pursuant

19  to this Court's examination instruction.

20       Moreover, Kopple's Motion to Quash cannot be considered, and sanctions (if any)

21  must be levied against Kopple and his counsel for their failure to follow this Court's Local

22  Bankruptcy Rule 7026-1(c) meet-and-confer and joint stipulation procedure for discovery

23  motions.  Dismissal of this Motion and sanctions are also appropriate because Kopple's filing of

24  this Motion violates a prior order of this Court regarding the same issues, and because the Motion

25  is brought solely to cause Picerne unnecessary delay and expense after Kopple had already agreed

26  to appear for the subpoenaed deposition.

27

28

W02-WEST:6NB1\402817420.3

Case No. 2:09-bk-29222-ER

1    This Court should order Kopple to appear for a full-day deposition as Trustee of EL

2    II within two weeks of the hearing on this Motion, and to produce in advance of the deposition the

3    documents he and EL II are already obligated to produce based on prior subpoenas that have been

4    pending for nine months.

5    I.    Relevant Discovery History.

6    On **October 27, 2009**, Picerne filed and served a Bankruptcy Rule 2004 Subpoena

7    directed to EL II Properties Trust.  (Docket No. 52.)  That subpoena has been pending for nine

8    months, along with Rule 2004 subpoenas Picerne served on several other persons affiliated with

9    Debtor Campbell Corners, including Robert Kopple.  (Docket Nos. 51, 53-55.)

10    On **December 10, 2009**, Picerne and the Rule 2004 subpoenaed persons (including

11    EL II and Robert Kopple) executed a stipulation pursuant to which the subpoenaed persons were

12    to produce certain documents within the scope of Picerne's Rule 2004 subpoenas as an interim

13    measure so that Picerne could use the documents at its December 15, 2010 Rule 2004 examination

14    of Debtor Campbell Corners.  (Docket No. 70.)  The stipulation did not extinguish any obligation

15    to produce the remaining documents covered by the Rule 2004 subpoenas.  (*Id.*)

16    On **December 16, 2009**, this Court entered the stipulation as an order.  Confirming

17    that Picerne's Rule 2004 subpoenas remain pending, the order states:  "This Order is ***without***

18    ***prejudice*** to the rights of the Affiliated Parties to otherwise object to, and ***Picerne to otherwise***

19    ***seek to compel production of documents under, the Rule 2004 Motions***, following good faith

20    meet-and-confer efforts."  (Docket No. 73 (emphasis added).)

21    On **June 2, 2010**, Picerne subpoenaed the deposition of Robert Kopple as Trustee

22    of EL II, setting it for June 18, 2010.  (Mertens Decl. [Docket No. 222] at ¶ 2 and Exh. 1.)  After

23    learning Kopple's counsel would be on an extended vacation during that time, Picerne promptly

24    re-noticed the deposition for the agreed-upon date of July 2, 2010.  (Mertens Decl. [Docket No.

25    222] at ¶¶ 3-5 and Exhs. 2-3.)

26    Prior to that deposition, on **June 29, 2010**, Picerne's counsel sent a letter requesting

27    that EL II produce several categories of documents highly relevant to the upcoming July 2

28

-2-

PICERNE'S OPPOSITION TO MOTION TO QUASH
SUBPOENA, WITH SUPPORTING HENNIGH
DECLARATION

1 | deposition of EL II's Trustee (Robert Kopple), which documents are within the scope of Picerne's

2 | still-pending Rule 2004 document subpoena to EL II (Docket No. 52).  (Attached Declaration of

3 | Scott E. Hennigh ("Hennigh Declaration") at ¶ 2 and Exh. A.)  Picerne sent its letter on June 29

4 | because, in preparing to take the deposition of EL II's Trustee (Robert Kopple), Picerne's counsel

5 | realized EL II had not produced any documents responsive to Picerne's long-pending Rule 2004

6 | subpoena, and that such documents were necessary to make the deposition of EL II's Trustee

7 | meaningful.  (Hennigh Decl. at ¶ 2.)  Picerne offered in its June 29, 2010 letter to postpone the

8 | July 2 deposition to July 8 (one of the other dates previously offered by Kopple's/EL II's counsel)

9 | to give EL II time to produce, even though EL II had already had eight months.  (Hennigh Decl. at

10 | ¶ 2 and Exh. A.)

11 |        On **July 1, 2010**, after Picerne re-noticed the deposition for July 8, Kopple's/EL II's

12 | counsel sent a letter flatly refusing to produce Kopple for any deposition or for Kopple/EL II to

13 | produce any documents, and not offering to meet-and-confer.  (Hennigh Decl. at ¶ 3 and Exh. B.)

14 |        On **July 2, 2010**, Picerne's counsel wrote a letter requesting the deposition be

15 | rescheduled, detailing the limited categories of documents needed, and proposing a meet-and-

16 | confer session, offering to include the Examiner if necessary.  (Hennigh Decl. at ¶ 4 and Exh. C.)

17 |        On **July 7, 2010**, Kopple purported to file a Motion to Quash Picerne's deposition

18 | subpoena.  (Docket No. 222.)  The purported Motion was unilaterally filed without observing the

19 | meet-and-confer and joint stipulation requirements of Central District of California Local

20 | Bankruptcy Rule 7026-1.  (Hennigh Decl. at ¶¶ 3, 5 and Exh. B.)  The Motion was also not

21 | properly noticed. (*See* Docket No. 222.)  Kopple did not re-notice the Motion until July 9, 2010 –

22 | <u>after</u> Picerne's noticed July 8 deposition date. (*See* Docket No. 225.)

23 |        On **July 16, 2010**, Picerne again wrote to Kopple's/EL II's counsel, detailing the

24 | limited scope of documents sought and their relevance, reminding them they had shirked their

25 | meet-and-confer obligations, and proposing specific dates for either the production and deposition

26 | or for a meet-and-confer session.  (Hennigh Decl. at ¶ 6 and Exh. D.)

27 |

28 |

-3-

PICERNE'S OPPOSITION TO MOTION TO QUASH
SUBPOENA, WITH SUPPORTING HENNIGH
DECLARATION

1        On **July 21, 2010**, Kopple's/EL II's counsel responded, ignoring the meet-and-

2    confer proposal by Picerne and flatly stating Kopple was proceeding with this Motion to Quash.

3    (Hennigh Decl. at ¶ 7 and Exh. E.)

4    II.    <u>Kopple's Motion to Quash Is Improper, Late, and Ineffective, and Cannot Be Considered</u>

5         <u>By the Court.</u>

6        This Motion is improper.  Kopple failed to adhere to Central District of California

7    Local Bankruptcy Rule ("LBR") 7026-1(c) requiring a meet-and-confer conference (in person or

8    by telephone) and the submission of a joint stipulation regarding discovery disputes.  He instead

9    submitted this unilateral Motion to Quash, after refusing (and since further refusing) to engage in

10    meet-and-confer efforts.  (Hennigh Decl. at ¶¶ 2-6 and Exhs. A-E.)  When a motion to quash is

11    filed without adherence to Local Bankruptcy Rule 7026-1(c) procedures, it ***cannot*** be considered.

12    LBR 7026-1(c)(3)(C) ("In the absence of such stipulation or a declaration of counsel of

13    noncooperation by the opposing party, the court ***will not consider*** the discovery motion.")

14    (emphasis added).

15        This Motion is also late.  Kopple failed to file a properly-noticed motion to quash

16    Picerne's deposition subpoena <u>before</u> the noticed deposition date of July 8, 2010.  The purported

17    motion filed on July 7, 2010 by Kopple did not adhere to this Court's self-calendaring procedures.

18    LBR 9013-1; Self-Calendaring Instructions for Judge Ernest M. Robles.  Kopple had to scramble

19    to re-notice the motion ***a day too late*** on July 9, 2010.  (Docket No. 225.)

20        This Motion is also ineffective.  Merely filing a motion does not relieve a

21    subpoenaed person of the obligation to appear for a noticed deposition – the person must actually

22    obtain an order of the court ***in advance of the deposition date*** to excuse attendance.  *Pioche Mines*

23    *Consol. Inc. v. Dolman*, 33 F.2d 257, 269 (9th Cir. 1964) (motion to quash notice of deposition

24    must be not only filed but acted on before scheduled time of deposition to avoid sanctions).[1]

25    _____

26    [1] *See also King v. Fidelity National Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983) ("[A]
    motion to quash must be not only made but *granted* before the scheduled deposition to

27        excuse compliance.") (emphasis in original); *Hollar v. Myers (In re Hollar),* 184 B.R. 243,
    246 (Bankr. M.D.N.C. 1995) ("It is well-settled that the filing of a motion for protective

28                                     -4-

1    For all these reasons, the Court should not – in fact, ___**cannot**___ – consider this Motion

2   to Quash.  The Motion should be dismissed, and Kopple and EL II should be ordered to produce

3   the documents described herein and produce Kopple for a deposition, all within two weeks.

4   III.    Picerne's Subpoena Is Proper and the Discovery It Seeks Is Highly Relevant to The

5          Validity of the EL II Trust's Claims Against the Estate.

6          A.    Kopple's Arguments Supporting This Motion Are Meritless.

7          Robert Kopple's Motion to Quash wrongly argues Picerne's deposition subpoena is

8   abusive and improper under Federal Rule of Civil Procedure ("FRCP") 45.

9          Picerne's deposition subpoena allowed a reasonable time to comply under FRCP

10  45(c)(3)(A)(i).  In fact, Robert Kopple had agreed to appear for a July 2, 2010 deposition,

11  demonstrating he had plenty of time to prepare.  It was only *after* Picerne attempted to coordinate

12  EL II's production of documents subpoenaed *eight months earlier* that Kopple decided to

13  complain.  (Hennigh Decl. at ¶¶ 2-3 and Exhs. A-B.)  Picerne's letter requesting the previously-

14  subpoenaed documents even offered to postpone the July 2, 2010 deposition, and Picerne has

15  consistently sought to meet-and-confer on a mutually-agreeable production and deposition

16  schedule to fulfill any "reasonable time" concerns.  (Hennigh Decl. at ¶¶ 2-6 and Exhs. A-D.)

17         The argument that Picerne's subpoena abusively rescheduled the deposition to an

18  inconvenient time in violation of FRCP 45(c)(3)(A)(iv) is likewise meritless, given Picerne's

19  diligent efforts to attempt to meet-and-confer and reschedule for a mutually-acceptable time.  (*Id.*)

20         Kopple's only other argument – that Kopple has already been deposed in this action

21  and leave of court is required pursuant to FRCP 30(a)(2)(A)(ii) to depose him again – should be

22  summarily dismissed.  Leave of court is only required when "the deponent" has already been

23  deposed in the case.  FRCP 30(a)(2)(A)(ii).  The prior time that Kopple gave deposition testimony,

24

25         order does not automatically operate to stay a deposition or other discovery.  [Citations
           omitted.]  Rather, a deponent is relieved of his or her duty to appear *only* if court order is
26         granted before the scheduled deposition.  [Citations omitted.]  Under the Rules, it is for the
           court, not the deponent or his counsel, to relieve him of the duty to appear.'  [Citations
27         omitted.]").

28
                                                -5-
                                                     PICERNE'S OPPOSITION TO MOTION TO QUASH
                                                     SUBPOENA, WITH SUPPORTING HENNIGH
                                                     DECLARATION

1  the deponent was <u>Debtor Campbell Corners</u>, and Kopple was simply the Debtor's Bankruptcy Rule

2  2004 designee as its person most knowledgeable.  Here, the deponent of the subpoena Kopple

3  seeks to quash is really <u>EL II Properties Trust</u>, of which Kopple is the Trustee and person most

4  knowledgeable.  Kopple is not the "deponent" in either instance.  It would be an absurd result if

5  Kopple could thwart discovery by testifying as the person most knowledgeable of one entity, then

6  refusing to testify later on behalf of another entity for which he is also the person most

7  knowledgeable on the basis that he had purportedly already been deposed.

8          B.    <u>Picerne's Discovery Is Appropriate and Necessary.</u>

9              Picerne's deposition subpoena was properly served, and the testimony it seeks, as

10  well as the related documents, are highly relevant.

11             The following are the limited documents Picerne has requested (pursuant to its still-

12  pending Rule 2004 document subpoena to EL II) in advance of the deposition of Kopple as

13  Trustee of EL II:

14                  1. All trust documents for the EL II Properties Trust (*i.e.*, all
                    documents demonstrating and governing the creation, nature,
15                  operation, and functioning of the trust).

16                  2. Documents sufficient to show all property and assets held by the
                    EL II Properties Trust at any time since July 24, 2005 to the present.
17
                    3. Documents sufficient to show the current value of all property
18                  and assets currently held by the EL II Properties Trust.

19                  4. Documents sufficient to show all monetary transfers and other
                    asset transfers in and/or out of the EL II Properties Trust since July
20                  24, 2005 to the present.

21  Picerne's correspondence has carefully detailed these documents and the requests pursuant to

22  which they were demanded nine months ago by Picerne's Rule 2004 subpoena to EL II (Docket

23  No. 52).  (Hennigh Decl. at ¶¶ 4, 6 and Exhs. C-D.)

24             All of these documents are relevant to the validity of the EL II Trust's claims

25  against the estate.  Accordingly, Picerne's deposition subpoena should not be quashed.  Instead,

26  Kopple and EL II should be ordered to produce the documents above and produce Kopple for a

27  deposition, all within two weeks.

28

-6-

W02-WEST:6NB1\402817420.3

Case No. 2:09-bk-29222-ER

PICERNE'S OPPOSITION TO MOTION TO QUASH
SUBPOENA, WITH SUPPORTING HENNIGH
DECLARATION

IV.    <u>Sanctions Against Kopple/EL II and Their Counsel Are Required By Local Bankruptcy</u>
<u>Rule 7026-1</u>.

Local Bankruptcy Rule 7026-1(c) requires that sanctions be levied against Kopple and his counsel for failing to do the required in-person or telephonic meet-and-confer session and file a joint stipulation instead of this unilateral Motion: "The failure of any counsel either to cooperate in this procedure [or] to attend the meeting of counsel…***will result in the imposition of***
***sanctions***, including the sanctions authorized by FRBP 7037 and LBR 9011-3." LBR 7026-1(c)(4) (emphasis added).

Such sanctions are further justified because Kopple and EL II have violated a prior order of this Court (Docket No. 73) that specifically requires them to engage in "good faith meet-and-confer efforts" before filing a motion addressing the requests in Picerne's Rule 2004 document subpoenas. Fed. R. Civ. P. 16(f)(1)(C) (authorizing sanctions for disobedience of any "pretrial order"); Fed. R. Civ. P. 37(b)(2)(A).

Given the relevance of the testimony and documents sought by Picerne to the Bankruptcy Plan confirmation issues described above, such sanctions are also justified because it is clear Kopple's motive in filing this Motion after initially agreeing to appear for the deposition is purely to "cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g)(1)(B)(ii).

Accordingly, monetary sanctions are appropriate to compensate Picerne for its expenses incurred defending against this improper and baseless Motion. These sanctions should be no less than $3,000.00. (Hennigh Decl. at ¶ 8.)

V.    <u>Conclusion</u>.

Local Bankruptcy Rule 7026-1(c) requires that this Motion be dismissed and that sanctions be levied against Kopple and his counsel. Furthermore, the discovery Picerne seeks is appropriate and necessary for determining the validity of the EL II Trust's claims against the estate. Kopple and EL II should be ordered to produce Kopple for a deposition within two weeks, and to produce the documents described above in advance of the deposition.

1   Dated:  July 28, 2010

2

3                                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4                                       By

5                                                     SCOTT E. HENNIGH
                                                  Attorneys for Creditor

6                                     PICERNE CONSTRUCTION CORP. dba
                                    CAMELBACK CONSTRUCTION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:6NB1\402817420.3

Case No. 2:09-bk-29222-ER

                                 PICERNE'S OPPOSITION TO MOTION TO QUASH
                                 SUBPOENA, WITH SUPPORTING HENNIGH
                                 DECLARATION

## DECLARATION OF SCOTT E. HENNIGH

I, Scott E. Hennigh, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with SHEPPARD MULLIN RICHTER & HAMPTON LLP, attorneys of record for Picerne Construction Corporation ("Picerne").

2.      On June 29, 2010, my associate, Meredith Jones-McKeown, sent a letter to counsel for Robert Kopple and EL II Properties Trust (Tom Lallas and John Mertens) requesting that EL II produce several categories of documents highly relevant to the deposition of EL II's Trustee (Robert Kopple) scheduled for the agreed-upon date of July 2, 2010, which documents were within the scope of Picerne's still-pending Rule 2004 subpoena to EL II.  A true and correct copy of that letter is attached hereto as Exhibit A.  The letter was sent at that time because, when preparing to take the deposition of EL II's Trustee, I realized that EL II had not produced any documents responsive to Picerne's still-pending Rule 2004 subpoena, including not a single document pursuant to the parties' interim stipulation, and that such documents were necessary to make the deposition meaningful.  My firm's June 29, 2010 letter offered to postpone the July 2, 2010 deposition to July 8, 2010 (one of the other dates previously offered by Kopple's/EL II's counsel) to give EL II time to produce, even though it had already had approximately eight months.

3.      Attached hereto as Exhibit B is a true and correct copy of a letter I received from John Mertens, counsel for Robert Kopple and EL II, dated July 1, 2010.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter I sent to John Mertens, counsel for Robert Kopple and EL II, dated July 2, 2010.

5.      Prior to filing the pending Motion to Quash, Robert Kopple's counsel did not meet-and-confer with me or my firm in person or by telephone, or offer to do so, nor did they propose or attempt to undertake any joint stipulation or joint motion procedure.

6.      Attached hereto as Exhibit D is a true and correct copy of a letter I sent to Tom Lallas and John Mertens, counsel for Robert Kopple and EL II, dated July 16, 2010.

-9-

1    7.    Attached hereto as Exhibit E is a true and correct copy of a letter I received

2 from John Mertens, counsel for Robert Kopple and EL II, dated July 21, 2010.

3    8.    I have spent no less than 2 hours of billed time in connection with the

4 preparation of Picerne's Opposition to Robert Kopple's Motion to Quash at a rate of no less than

5 $500 per hour, for a total of no less than $1,000.  My associate, Nathaniel Bruno, has spent no less

6 than 5 hours of billed time in connection with the preparation of Picerne's Opposition at a rate of

7 no less than $400 per hour, for a total of no less than $2,000.

8    I declare under penalty of perjury under the laws of the United States of America

9 that the foregoing is true and correct.

10    Executed July 28, 2010, at San Francisco, California.

13                                          Scott E. Hennigh

W02-WEST:6NB1\402817420.3

Case No. 2:09-bk-29222-ER

PICERNE'S OPPOSITION TO MOTION TO QUASH
SUBPOENA, WITH SUPPORTING HENNIGH
DECLARATION